## SUPREME COURT.

SPENCER ERVIN and others agt. THE OREGON RAILWAY AND NAVIGATION COMPANY and others.

*Foreign corporations — When and how may be sued — Non-resident plaintiffs — Code of Civil Procedure, section 1780.*

Where a suit is brought against a foreign corporation, though a general appearance by defendant before answering gives the court jurisdiction over its person, it does not necessarily give jurisdiction over the subject-matter of the action, and where some of the plaintiffs are non-residents, the complaint must be dismissed as to them, a case not being made out under section 1780 of the Code of Civil Procedure.

A resident plaintiff, however, where the complaint makes out a cause of action may maintain the suit, though the acts out of which the cause of action arises were done, and the property from the management and

Ervin agt. Oregon Railway and Navigation Company.

disposition of which the plaintiff's loss and damage were sustained are beyond the jurisdiction, and the relief within the power of the court to grant may be incomplete.

That the stock of such plaintiff, suing as a stockholder, has not been registered, is no reason why he should not maintain the action.

*Special Term, January,* 1882.

*Z. H. Hubbard,* for plaintiff.

*F. N. Bangs,* for defendant.

VAN VORST, *J.*— The defendant, on whose behalf the motion to dismiss the complaint is made, although a foreign corporation, before answering appeared generally in the action. Such appearance in itself gave the court jurisdiction over the person of the defendant, but not necessarily over the cause of action. For although a defendant voluntarily appears in an action, he may yet object to the jurisdiction of the court over the subject-matter, as is done in this instance (*Burnett* agt. *Chicago and Lake Huron R. R. Co.,* 4 *Hun,* 114; *Carpenter* agt. *Central Park and North and East River R. R. Co.,* 11 *Abb.* [*N. S.*], 416; *Robinson* agt. *West,* 1 *Sand.,* 19).

In respect to the non-resident plaintiffs the complaint must be dismissed, for the reason that as to them the complaint does not make out a case which brings their action within the provisions of either of the subdivisions of section 1780 of the Code of Civil Procedure.

Cases in which actions may be prosecuted within this state against foreign corporations are specified in the section of the Code above referred to, and to those cases the jurisdiction of the court is limited.

With respect to the resident plaintiff, Griffin, however, the case is different. An action may be maintained by a resident of this state "for any cause of action" (*Code, sec.* 1780; *Prouts* agt. *Mich. South. and N. In. R. R. Co.,* 1 *Hun,* 658; *The Atlantic and Pac. Tel. Co.* agt. *Balt. & O. R. R. Co.,* 46 *Supr. Ct. R.* 377).

I do not deem it necessary or proper at this time to present

an analysis of the facts out of which this plaintiff's cause of action is claimed to have arisen, as disclosed by the complaint, and the opening of his counsel. In substance, however, it may be said of them that upon principle and authority they present questions of which a court of equity may properly take cognizance. The fact that the acts out of which the plaintiffs' cause of action arises were done, and the property, through the management and disposition of which the plaintiffs' loss and damages were sustained, are beyond this jurisdiction, does not deprive the court of the power to hear and determine this case upon the merits.

In cases of fraud, breaches of trust or contract, the jurisdiction of a court of equity is sustainable wherever the person of the defendant be found, although property beyond the jurisdiction be affected by the judgment (*Gardner* agt. *Ogden,* 22 *N. Y.,* 327; *March* agt. *Eastern R. R. Co.,* 40 *N. H.,* 548; *Massie* agt. *Watts,* 6 *Cranch,* 148).

It is not important now to indicate the specific relief to which the plaintiff may in the end be entitled. That will depend upon the facts established on the trial. The complaint makes out a cause of action. The relief within the power of the court to grant may be incomplete, and not commensurate with the injuries and loss sustained, growing out of the fact that material interests affected are outside of this jurisdiction; but that affords no adequate reason why an attempt in that direction should not be made. Efforts in such direction frequently afford only approximate justice.

In so far at least as the defendant is personally concerned, and its property and assets within this state may be impressed, justice may be accomplished.

That the stock of the plaintiff Griffin has not been registered is no reason why he should not maintain this action. He is the legal and equitable owner of the stock. The possession by him of the certificate as owner gives him a complete title. For certain purposes, and for the enjoyment of specific privileges, such as to vote and receive dividends, it

may be necessary, as between him and the corporation, that he should be registered as a stockholder. But as the absolute owner of the stock, he is, to the exclusion of every other person, entitled to prosecute an action for injury to it, or to himself as the proprietor thereof (*Bagshaw* agt. *The Eastern Union Railway Co.*, 7 *Hare*, 114; *Passott* agt. *Byers*, 40 *Cal.*, 614).

The motion to dismiss the complaint as to the plaintiff Griffin is therefore denied.