## SIMS *et al.* *v.* BONNER *et al.*

(*Superior Court of New York City, General Term.* December 14, 1891.)

1. CORPORATIONS—ACTION BY STOCKHOLDER—SUFFICIENCY OF COMPLAINT.
    A complaint alleged that plaintiffs purchased their certificates of stock from C.; that by the connivance of the corporation a judgment was obtained by default against C., and his stock sold on execution, and purchased by a third person for a nominal consideration; that the judgment in question was fraudulently obtained; and that the officers had wasted the assets of the corporation. *Held*, in an action to declare void any certificates issued in place of those purchased by plaintiffs, that the complaint stated a cause of action.

2. SAME—REGISTRATION OF STOCKHOLDER.
    The fact that stock is not registered on the books of a corporation in the name of the holder will not disable him from bringing an action against the corporation to establish his rights as such.

3. SAME—FOREIGN CORPORATION—JURISDICTION OF COURT.
    In such case, nothing appearing to the contrary, the court will assume that plaintiffs are residents of the state, and under Code Civil Proc. § 1780, giving jurisdiction in an action by a resident of the state against a foreign corporation "for any cause," the court properly took jurisdiction of the case.

4. BRINGING IN NEW PARTIES—MISJOINDER—DEMURRER.

    An order bringing in new parties, under Code Civil Proc. § 452, "where a complete determination of the controversy cannot be had without the presence of the other parties," cannot be objected to by demurrer for misjoinder, the remedy being by appeal from the order.

Appeal from special term.

Action by George V. Sims and another against Edward L. Bonner, George Conkling, and others. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

For motion to compel security for costs, see 16 N. Y. Supp. 800.

Argued before McADAM and GILDERSLEEVE, JJ.

*Charles W. Gould*, for appellants. *Holmes & Adams*, for respondents.

PER CURIAM. The plaintiff Sims became the owner of three certificates of capital stock of the Montana Improvement Company, a foreign corporation, representing 750 shares of said capital stock, of the value of $75,000. The certificates were issued to George Conkling, and were by him transferred to Sims, in fulfillment of a contract made by him with the corporation, of which transfer the corporation had timely notice. The corporation subsequently instituted an action in favor of one Robertson against Conkling, in the courts of Montana, in which judgment was suffered to go by default against Conkling, and on it the sheriff is said to have sold Sims' stock as the property of Conkling, and one Hammond purchased the same for the nominal consideration of $100. The judgment was fraudulently obtained by the procurement of the officers of the corporation, and with its consent and connivance, and as part of a conspiracy to defraud Sims. The officers of the corporation have wasted and appropriated its assets; they pretend that it has ceased to exist or transact business. The action is brought by Sims on his own behalf, as stockholder, and on behalf of all other stockholders. He prays for a decree establishing his rights as a stockholder, and declaring void any certificates issued in place of those held and owned by him, and that he have an account, etc. The defendants, having demurred, have for all present purposes admitted the truth of the allegations charged, and these sufficiently state a cause of action. The fact that the stock was not registered in Sims' name does not disable him from maintaining the action. *Ervin* v. *Navigation Co.*, 62 How. Pr. 490. It must be assumed (nothing appearing to the contrary) that the plaintiff is a resident of this state, (*Fisher* v. *Insurance Co.*, 14 Abb. N. C. 32;) and section 1780 of the Code gives jurisdiction in an action by a resident of the state against a foreign corporation "for any cause." As was said by the court in *Ervin* v. *Navigation Co.*, 62 How. Pr. 492: "In cases of fraud, breaches of trust or contract, the jurisdiction of a court of equity is sustained wherever the person of the defendant be found, although property beyond the jurisdiction be affected by the judgment; (citing *Gardner* v. *Ogden*, 22 N. Y. 327; *March* v. *Railroad Co.*, 40 N. H. 548; *Massie* v. *Watts*, 6 Cranch, 148.) It is not important now to indicate the specific relief to which the plaintiff may in the end be entitled. That will depend upon the facts established at the trial. The complaint makes out a cause of action. The relief within the power of the court to grant may be incomplete, and not commensurate with the injuries and loss sustained, growing out of the fact that material interests affected are outside of this jurisdiction; but that affords no adequate reason why an attempt in that direction should not be made. Efforts in such direction frequently afford only approximate justice. In so far, at least, as the defendant is personally concerned, and the property and assets within this state may be impressed, justice may be accomplished."

An inspection of the books of a foreign corporation may be ordered, but if they are in constant use in a distant state sworn copies may suffice. *Ervin* v. *Navigation Co.*, 22 Hun, 566. This feature is referred to as incidentally bear-

ing upon the remedies enforceable where jurisdiction is obtained against a foreign corporation. The observations made answer the objections that the court has no jurisdiction of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action. The next ground of demurrer is that there is a misjoinder of parties plaintiff, in that Ellen T. Sims is made a party plaintiff. The complaint shows that she was made a party by force of an order of the court. This order appears in the appeal-books, has not been appealed from, and remains in full force and effect, and concludes the parties to the extent that she was rightfully brought in under section 452 [1] of the Code. It was certainly not intended that, where a party was joined under this section, and no appeal taken from the order, the propriety of the order could be reviewed on demurrer assigning the misjoinder of the party added. The law has wisely afforded another mode of reviewing the action of the court, and, if that mode is not employed, the right to test by demurrer the propriety of joining the party is lost. The Code provisions, though independent, must be so worked and construed that they may operate in harmony, that orderly rather than chaotic practice may prevail. It follows that the interlocutory judgment overruling the demurrer was properly made, and must be affirmed, with costs.

---

[1] Code Civil Proc. N. Y. § 452, permits new parties to be brought in "where a complete determination of the controversy cannot be had without the presence of other parties."