SNOW, CHURCH & COMPANY, Respondent, *v.* SNOW-CHURCH SURETY COMPANY, Appellant.

*Examination of the books of a foreign corporation — they must be shown to be within the State — limitations of jurisdiction over actions by one foreign corporation against another.*

An examination of the books and papers of a foreign corporation, which is a defendant in an action brought in the State of New York, will not be ordered for the purpose of enabling the plaintiff to frame its complaint in the absence of proof that such books and papers are within the State of New York, as the presumption is that they are at the home office of the foreign corporation in the State in which it was organized.

The Supreme Court of the State of New York has no jurisdiction of an action brought by one foreign corporation against another foreign corporation, except in the cases specified in section 1780 of the Code of Civil Procedure.

APPEAL by the defendant, the Snow-Church Surety Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of August, 1902, directing an examination of defendant's books and papers to enable plaintiff to frame its complaint.

*T. C. Campbell,* for the appellant.

*Louis H. Hall,* for the respondent.

MCLAUGHLIN, J. :

I think this order should be reversed.

*First.* Because the petition upon which it is based clearly shows that the plaintiff has all the information necessary to enable it to frame a complaint. It, of course, knows what amount of money it has paid to the defendant and it alleges that no part of this sum has been invested in accordance with the terms of the contract referred to, but that the same has been appropriated by defendant to its own use.

*Second.* Because the petition fails to show, nor are any facts stated in it from which that fact can be inferred, that the books and papers sought to be examined are within the State of New York; and unless they are, it is manifest that an order directing their production would be unavailing. The defendant is a foreign corporation, and in the absence of proof to the effect that the books and papers are within the State of New York, the presumption is that they are at their home office in the State under whose laws the corporation was organized.

*Third.* Because upon the facts presented the courts of the State of New York have no jurisdiction over the subject-matter of the action. The plaintiff is a foreign corporation, organized under the laws of the State of Pennsylvania, and the defendant, as already said, is a foreign corporation organized under the laws of the State of New Jersey. The courts of New York have no jurisdiction of the subject-matter of a litigation between foreign corporations, except in the cases provided in section 1780 of the Code of Civil Procedure, and these are :

(1) Where an action is brought to recover damages for the breach

of a contract made within the State of New York or relating to property situated within the State at the time of the making thereof. Here there is nothing to show that the contract referred to in the petition was made in the State of New York; and in the absence of some proof bearing upon that subject the presumption is that it was made either in the State of Pennsylvania or New Jersey, and it affirmatively appears that the money which is the subject-matter of the dispute was not paid by the plaintiff to the defendant until after the contract was made; or,

(2) Where an action is brought to recover real property situated within the State of New York, or a chattel which is replevied within the State. Manifestly, the subject-matter of this litigation did not come within this provision; and,

(3) Where a cause of action arose within the State. It does not appear from the petition that this cause of action arose in the State of New York, or that any of the money alleged to have been paid by plaintiff to the defendant was ever in the State of New York. The plaintiff having failed to show that the court had jurisdiction, or to state facts from which jurisdiction could be inferred, the motion should have been denied under the section of the Code referred to. (*Anglo-American Provision Co.* v. *Davis Co.*, 50 App. Div. 274.)

The order appealed from, therefore, must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN and LAUGHLIN, JJ., concurred; INGRAHAM, J., concurred on first and second grounds stated in opinion.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.