(120 App. Div. 746)

### NATIONAL DISTILLING CO. v. VAN EMDEN.

(Supreme Court, Appellate Division, First Department.  July 15, 1907.)

DISCOVERY—ACTION BY FOREIGN CORPORATIONS—INSPECTION OF BOOKS.

Where, in an action by a foreign corporation against a citizen of this state, defendant interposed a counterclaim for royalties alleged to be due from plaintiff, the amount of which was to defendant unknown, defendant was entitled to an order requiring plaintiff to furnish him a verified copy of its books, situated in another state, so far as the same related to the royalties, and further requiring plaintiff, on notice, to exhibit such portion of the books to defendant at its home office.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 110–118.]

Appeal from Special Term, New York County.

Action by the National Distilling Company against Henry·Van Emden.  From an order denying defendant's motion for a discovery of plaintiff's books and papers, defendant appeals.  Reversed.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, HOUGH-TON, and LAMBERT, JJ.

William C. Rosenberg, for appellant.

Harold H. Bowman, for respondent.

McLAUGHLIN, J.   The plaintiff is a foreign corporation organized and existing under the laws of the state of Wisconsin, having its principal office and place of business in the city of Milwaukee.   The defendant is a citizen of this state.   The action is brought to recover an amount alleged to be due for the purchase price of certain stock, and also the amount of certain overdrafts allowed defendant by plaintiff while he was in its employ.   The answer is a general denial and an affirmative defense of payment, and also a counterclaim for royalties alleged to be due defendant on the sale of certain brands of gin manufactured by the plaintiff.   After issue had been joined the defendant applied to the court by petition for an inspection of plaintiff's books, for the purpose of ascertaining the amount of the royalties to which he was entitled and of which fact he asserted he was ignorant.   The application was denied, and he appeals.

The facts set out in the petition entitle the defendant to a discovery under section 805 of the Code of Civil Procedure.   But it is suggested that, inasmuch as the plaintiff is a foreign corporation and the books and papers are not within this state, the court is without power to compel their production for the purpose of an inspection; and Snow, Church & Co. v. Snow-Church Co., 80 App. Div. 40, 80 N. Y. Supp. 512, is cited as an authority for this contention.   No such proposition was there decided.   In that case an inspection was sought for the purpose of enabling the plaintiff to frame its complaint, and the order granting the inspection was reversed because the petition showed the plaintiff had all the information necessary for that purpose, that upon the facts presented the courts of the state of New York had no jurisdiction over the subject-matter of the action, that it did not appear that the books sought to be examined were within the state, and for that reason the order for their production would be unavailing.   Here the plaintiff, a foreign corporation, invokes the process of the courts of this state against a citizen of the state, and in doing so subjects itself to the jurisdiction of the court, and, of course, must obey its mandates if it desires to prosecute the action.   If it were a domestic corporation, no one would question but that the court could require it to produce its books and papers for inspection; and a foreign corporation, which comes into the courts of this state for the purpose of prosecuting an action, is not entitled to other or better treatment than a domestic corporation would be under similar circumstances.

The defendant does not know the royalties to which he is entitled. He asserts that fact appears upon plaintiff's books.   Inasmuch as the books are located in a foreign state, and are in daily use in the regular transaction of plaintiff's business, we do not think an order should be made requiring their production in this state; but the corporation should furnish to the defendant a copy of its books, in so far as the same relate to gin sold by the defendant, and for which, under the

alleged contract, he is entitled to the royalties, which copy should be verified by an officer of the corporation, and should also, within 30 days after the service of such copy, exhibit to the defendant, if he so desires, on 2 days' notice, at a reasonable hour, at its home office in Milwaukee, Wis., so much of its books as relates to all of the gin sold by him, and the trial of this action and all other proceedings herein should be stayed until such copies are served and such inspection had, if defendant so elects.

The order appealed from, therefore, must be reversed, with $10 .costs and disbursements, and the motion granted to the extent indicated in this opinion, with $10 costs; the order to be settled on notice. All concur.