as to his legal opinion of the effect of one of the instruments, Newman assuring the plaintiff's son that the instrument was not a mortgage. It did on its face, however, give to the defendant a lien upon the plaintiff's real property to the amount of the indebtedness, but, there is no evidence to show that either the plaintiff or her son did not intend to give the defendant such a lien. It was undoubtedly an improvident act for the plaintiff to sign such an instrument, but I do not think there was evidence to justify a finding that the signing of the instruments was induced by the fraud of either the defendant or his attorney, or that the court was justified in decreeing the cancellation of the instruments. Fraud must be proved. It cannot be presumed. Plaintiff's sons were in financial difficulties, and required additional assistance from the defendants. Plaintiff understood that she was procuring for her sons such assistance, and the mere fact that she did not know just the extent of the obligation which she assumed, or that she relied upon her son's representation that the instruments were all right, would not justify a finding that the defendant or his representatives were· guilty of fraud.

I concur therefore in the reversal of the judgment.

SCOTT, J., concurs.

———

SHEEHAN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. March 17, 1911.)

1. CARRIERS (§ 318*)—PASSENGERS—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE—NEGLIGENCE IN CAUSING PASSENGER TO FALL FROM TRAIN.

   In an action by an administratrix for injuries causing the death of her intestate in attempting to board a moving train, evidence as to the negligence of the carrier in forcing or pushing intestate from the train *held* not to preponderate, so as to sustain a verdict for the plaintiff.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

2. CARRIERS (§ 328*)—PASSENGERS—CONTRIBUTORY NEGLIGENCE—ATTEMPTING TO BOARD MOVING TRAIN.

   A person, injured while attempting to board a train of cars with closed gates moving away from a station with a quickly increasing speed, is guilty of contributory negligence, defeating a recovery; and this is so, even if the train was moving very slowly at the time he attempted to board it.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1369; Dec. Dig. § 328.*]

3. CARRIERS (§ 280*) — PASSENGERS — CONTRIBUTORY NEGLIGENCE — INJURY AVOIDABLE BY CARE OF CARRIER.

   Where a person attempts to board a moving train of cars, the gates of which are closed, and seizes hold of a part of the car, and gets one or both feet on the lower step, the guard is not obliged to do the best that a man of good judgment would do, but it is his duty to do what such a person of ordinary judgment and prudence would do, in an effort to save such person from the consequences of his own negligent act.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1106, 1109, 1117; Dec. Dig. § 280.*]

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. APPEAL AND ERROR (§ 1031\*)—REVIEW—HARMLESS ERROR—PREJUDICE FROM ERROR.**

An erroneous instruction on contributory negligence, in an action for injuries by the administratrix of an intestate, must be presumed to have diverted the attention of the jury from the proper issues to defendant's prejudice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4043; Dec. Dig. § 1031.\*]

Appeal from Trial Term, Kings County.

Action by Elizabeth Sheehan, as administratrix of James P. Sheehan, deceased, against the Nassau Electric Railroad Company. From a judgment in favor of the plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

D. A. Marsh, for appellant.

William J. McArthur, for respondent.

THOMAS, J. For a distance of 200 feet along defendant's track was a platform, raised some 6 inches higher than the rail, used as an approach for the use of defendant's passengers. Along this decedent ran in pursuit of a moving train, until he reached the rear platform of the last car but one, seized some parts of the car with both hands, placed one or both feet on the lower step, when he lost his footing, was dragged some distance, and was so injured that he died the following day. It is undoubted that the guard warned him to "Get off! you will get hurt!" and plaintiff's witness Harrison states that the guard added, "or I will push you off." The only possible issue of fact would be: Did the guard negligently force decedent from the car? The decedent was where he had no right to be, in a place of grave peril, and the guard's whole duty was limited to doing what a person of ordinary judgment and prudence would do in a good-faith attempt to save the decedent from the consequences of his own rash attempt. Whether in the fulfillment of such duty he should have signaled the train to be stopped, or should have opened the gates and made an attempt to bring the decedent in, or whatever other rescue should have been attempted, need not be considered. The plaintiff charges that the guard chose the negligent course. Perchance any course, if unsuccessful, would have been accused as culpable.

The plaintiff charges that the decedent was pushed off. The evidence of this is: (1) That the guard told him he would push him off. (2) That Harrison testified that the guard grabbed the decedent by the shoulder, the decedent's foot left the lower step, and he was dragged. (3) Fee testified that at a distance of 60 feet, and at about 6 o'clock, in January, he saw both of the decedent's feet on the step, and the guard lean over and put his hand on decedent's shoulder. The guard stated that he did not touch him, but with his hand warned him away as he tried to board the moving train. The decedent died on the following day, but told the doctor at the hospital that he slipped and fell off, and made no reference to the conductor. The decedent was so

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terribly injured and his condition was such that the incidents of the accident may not have been clear to him. But, had he been violently dislodged from the train, such physical compulsion seemingly would have been a matter of some recollection and remark. While the guard placed his hand on decedent's shoulder, as Fee says, or grabbed him by the shoulder, as Harrison states, there is no evidence of attempted removal from the car, save the inference of expulsion from the fact that the decedent shortly afterwards fell. The evidence of violent expulsion, feeble in itself, is, when opposed to decedent's statement and the evidence of the guard, not preponderating.

But the court erred in the charge to the jury. The learned justice correctly charged that plaintiff was negligent in attempting to board the moving train, and thereupon submitted to the jury the one issue whether the guard negligently pushed him from the train, acting at the time as a man of ordinary judgment would have acted under the circumstances. The main charge may not be criticised, unless in the statement that the guard was required to do "the best that a man of good judgment would have done under those circumstances." The guard was not obliged to do the best that a man of good judgment would do; but it was his duty to do what such a man would have done confronted by the conditions suddenly arising. But the plaintiff's attorney finally secured a charge in effect that the decedent was not guilty of contributory negligence if the jury found that the train was going very slowly at the time he attempted to enter. This was error, and it must be presumed that it diverted the attention of the jury from the proper issue. This was a train of cars, with closed gates, moving away from a station with quickly increasing speed, and the decedent was clearly negligent in an attempt to enter. So the justice should have charged that decedent came to his place of peril by his own negligent act, and that the guard owed him no duty as a carrier, save that the law required him to afford such relief, using ordinary skill and judgment, as the occasion reasonably permitted. If he used such judgment, he could not be negligent, and that was all that obligated him.

The judgment and order should be reversed, and new trial granted; costs to abide the event. All concur.