to include counsel fee. In the case of Karon v. Eisen, 72 Misc. Rep. 12, 129 N. Y. Supp. 177, this court held that there was no authority under the statute in the proceedings then before the court to grant a counsel fee. ' In contempt proceedings, however, the statute provides that the fine may include the aggrieved party's costs and expenses, and in the case of People ex rel. Philip Garhutt v. Rochester & State Line R. R. Co., 76 N. Y. 294, it was held that the parties are liable to their attorneys for a fair compensation, and that the court has power to allow such compensation "as an expense."

The order should be modified by reducing the fine to $510, and, as modified, affirmed without costs of this appeal. All concur.

---

### SULLIVAN v. RYAN-PARKER CONST. CO.

(Supreme Court, Appellate Division, First Department. December 15, 1911.)

1. DISCOVERY (§ 97*)—EXAMINATION· OF BOOKS AND PAPERS.

In a suit for a breach of a contract entered into in this state, the fact that defendant was a foreign corporation, and that its books and papers relating to the contract might be out of the state, did not justify the refusal of a·motion for a discovery and inspection of such books; the defendant being within the state and subject to the jurisdiction of the court.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 97.*]

2. DISCOVERY (§ 84*)—EXAMINATION OF BOOKS AND PAPERS.

Defendant agreed with plaintiff to pay him half the net profits of the performance of a bridge contract; the agreement expressly providing that defendant's books should be open to inspection by plaintiff. Held, in an action to recover such profits, that a motion for a discovery and inspection of defendant's books, showing receipts and disbursements in regard to the bridge contract and the subcontracts made by defendant, was improperly denied on the theory of inconvenience to defendant in being deprived of the records of its entire business, the only matters to be examined being the records relating to the subject-matter of the suit, or on the theory that the object to be attained could be equally well attained by examination of defendant before trial, on which the books could be had on subpœna duces tecum.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 108; Dec. Dig. § 84.*]

3. DISCOVERY (§ 82*)—EXAMINATION OF BOOKS AND PAPERS—NECESSITY DETERMINED BY FORM OF ACTION—ESTOPPEL OF DEFENDANT TO OBJECT.

Where an action for breach of a contract and praying for an accounting was on motion of defendant transferred from the Special to the Trial Term calendar on the ground that it was an action at law, the plaintiff is put in a position where he cannot safely proceed to trial without first having had a discovery of the books and records of the defendant, and the defendant is estopped from asserting that the action is on in equity, in which plaintiff would be required to establish his right to an accounting to entitle him to a discovery.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 82.*]

Appeal from Special Term, New York County.

Action by Cornelius J. Sullivan against the Ryan-Parker Construction Company. From an order denying a motion for the discovery and inspection of books and documents, plaintiff appeals. Reversed, and motion granted.

See, also, 132 N. Y. Supp. 346, 1147.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Eli J. Blair, for appellant.

C. A. Winter, for respondent.

MILLER, J.    The plaintiff and the defendant entered into an agreement which, among other things, provided that, in case the defendant was awarded by the city of New York the contract for the construction of the Manhattan Bridge, it would pay the plaintiff one-half of its net profits. The plaintiff, asserting a breach of the contract, brought this suit and in his complaint prayed for an accounting. After joinder of issue, the plaintiff noticed the case for trial and put in on the Special Term calendar. The defendant then moved that it be transferred to Trial Term calendar on the ground that it was an action at law, and that motion was granted. Thereafter this motion was made for a discovery and inspection of the defendant's books of account, containing entries showing receipts and disbursements regarding said contract, and also the subcontracts between the defendant and numerous subcontractors. The contract in suit provided that the defendant's books should be open to the inspection of the plaintiff and any competent accountant or auditing company, selected by him. The motion was denied on the authority of Snow, Church & Co. v. Snow-Church Surety Co., 80 App. Div. 40, 80 N. Y. Supp. 512, and because an examination before trial would suffice.

[1] We do not think that the fact that the defendant is a foreign corporation, or that the books may not be within the state, required a denial of the motion. The decision in the case, relied upon by the learned justice at Special Term, was explained and limited in National Distilling Co. v. Van Emden, 120 App. Div. 746, 105 N. Y. Supp. 657. In that case, the foreign corporation was the plaintiff invoking the process of the court and had thereby subjected itself to the jurisdiction of the court. In this case, there is no question but that the defendant, though a foreign corporation, is subject to the jurisdiction of the court, and the books and documents sought to be examined relate wholly to a contract executed in this state.

[2] Upon the other point, the court relied upon Harbaugh v. Middlesex Securities Co., 110 App. Div. 633, 97 N. Y. Supp. 350, and Strauss v. Von Tobel, 151 App. Div. 823, 116 N. Y. Supp. 95; but those cases are not applicable to the facts in this case. Here, an inspection is asked of books and documents which relate wholly to the subject-matter of the litigation between the parties, and the contract in suit expressly provided that the plaintiff was to have the right of inspection. It is manifest that an examination of the defendant before trial will not serve the purpose. Such an examination cannot be intelligently conducted unless the plaintiff first have an opportunity to inspect the defendant's books.

[3] If this were to be treated as an action for an accounting, the plaintiff should be required to establish his right to an accounting before granting him a discovery. But the defendant has prevailed in its contention that the action is one at law. The plaintiff undertook to

try the case as a suit in equity. By having the case transferred to the Trial Term, the defendant has put the plaintiff in a position where he cannot safely proceed to trial without first having had a discovery, and the defendant cannot now be heard to say that the action is in equity.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

## SULLIVAN v. RYAN-PARKER CONST. CO.

(Supreme Court, Appellate Division, First Department. December 15, 1911.)

1. DISCOVERY (§§ 30, 82*)—EXAMINATION OF DEFENDANT—ACTION AT LAW.

    Where the plaintiff in an action for breach of a contract did not appeal from an order granted on motion of defendant to transfer the cause from the Special to the Trial Term calendar, but proceeded to try the case as an action at law for damages, the defendant cannot now object to such proceeding, so that, as the plaintiff cannot safely proceed to trial in the action at law without an examination of the defendant as well as an inspection of its books and papers, he is entitled to such examination.

    [Ed. Note.—For other cases, see Discovery, Dec. Dig. §§ 30, 82.*]

2. DISCOVERY (§ 40*)—EXAMINATION OF DEFENDANT—SCOPE.

    An order for the examination of the defendant before trial in an action on a breach of a contract is improper in so far as it permits the examination of the defendant respecting his defenses.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

Appeal from Special Term, New York County.