try the case as a suit in equity. By having the case transferred to the Trial Term, the defendant has put the plaintiff in a position where he cannot safely proceed to trial without first having had a discovery, and the defendant cannot now be heard to say that the action is in equity.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

### SULLIVAN v. RYAN-PARKER CONST. CO.

(Supreme Court, Appellate Division, First Department. December 15, 1911.)

1. DISCOVERY (§§ 30, 82*)—EXAMINATION OF DEFENDANT—ACTION AT LAW.
   Where the plaintiff in an action for breach of a contract did not appeal from an order granted on motion of defendant to transfer the cause from the Special to the Trial Term calendar, but proceeded to try the case as an action at law for damages, the defendant cannot now object to such proceeding, so that, as the plaintiff cannot safely proceed to trial in the action at law without an examination of the defendant as well as an inspection of its books and papers, he is entitled to such examination.

   [Ed. Note.—For other cases, see Discovery, Dec. Dig. §§ 30, 82.*]

2. DISCOVERY (§ 40*)—EXAMINATION OF DEFENDANT—SCOPE.
   An order for the examination of the defendant before trial in an action on a breach of a contract is improper in so far as it permits the examination of the defendant respecting his defenses.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

Appeal from Special Term, New York County.

Action by Cornelius J. Sullivan against the Ryan-Parker Construction Company. From an order vacating an order for the examination of the defendant before trial, plaintiff appeals. Reversed, with directions.

See, also, 132 N. Y. Supp. 344, 1147.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Eli J. Blair, for appellant.
C. A. Winter, for respondent.

MILLER, J. [1] The motion was granted on the ground that the suit was one in equity for an accounting, but, for the reasons stated by us on the appeal from the order denying a motion for a discovery and inspection, decided herewith (132 N. Y. Supp. 344), the defendant cannot raise that point. The plaintiff did not appeal from the order transferring the cause to the Trial Term. He is willing to try the case as an action at law for damages, and the defendant cannot now object to doing so. It is manifest that the plaintiff cannot now safely proceed to trial without having had an examination of the defendant as well as an inspection of its books and papers.

[2] By the sixth subdivision of the order for examination, it is provided that the plaintiff may examine the defendant respecting its defenses, which of course was not allowable.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The order appealed from should be reversed, with $10 costs and disbursements, and the order for the examination of the defendant before trial should be modified by striking therefrom the sixth paragraph or subdivision.   All concur.