LOUIS KRAM, Respondent, *v.* JEWISH WORLD PUBLISHING COMPANY, Appellant.

First Department, February 9, 1917.

Deposition — examination of defendant corporation before trial — form of order — amendment to cure irregularities — inspection of books in foreign State — practice.

An order for the examination of a defendant corporation before trial is irregular where it does not require the examination of the defendant itself but merely authorizes the examination of certain officers.

But the order will not be vacated for such irregularity, as it may be cured by amendment.

*It seems,* that where the defendant is a foreign corporation not doing business in this State, the order for the examination before trial should not require the corporation to bring its books into this State for examination, there being nothing to show that they are within the jurisdiction, and the plaintiff should be left to his remedy by commission to obtain proof of the entries in the books.

APPEAL by the defendant, Jewish World Publishing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of December, 1916, denying its motion to vacate an order for the examination of William B. Leaf, its secretary, before trial.

*Edward Potter,* for the appellant.

*Jacob M. Kram,* for the respondent.

LAUGHLIN, J.:

The order for the examination is irregular in that while it is therein recited that the justice who made it was satisfied that an examination of the defendant and of one Ginsberg, its president, and Leaf, its secretary, "adverse witnesses," was necessary to enable plaintiff to show the amount of money which he claims to be entitled to recover, no examination of the *defendant* is ordered. The order authorizes an examination of its said president and secretary; and they are directed to produce all books of the company showing or containing entries with respect to the amount of moneys received by

defendant from the American Association of Foreign Language Newspapers, twenty per cent of which plaintiff claims to be entitled to recover by virtue of a contract between him and defendant. It was not necessary, however, to vacate the order for these irregularities, because it plainly appeared that the desire of the plaintiff was to examine the defendant *through* its officers, and, therefore, the Special Term should have amended the order by so providing. (*Meade* v. *Southern Tier Masonic Relief Assn.*, 119 App. Div. 762; *Palumbo* v. *L'Araldo Italiano Publishing Co.*, 150 id. 221; *Carples* v. *Deere Wagon Co.*, 168 id. 885, 886.) It appears by the affidavit of the plaintiff on which the order for the examination was granted that the action is to recover the amount owing to the plaintiff under a contract in writing by which defendant agreed to pay him twenty per cent of the moneys received by the defendant from the American Association of Foreign Language Newspapers. The defendant is a Pennsylvania corporation with its office in Philadelphia. It appears that plaintiff heretofore brought the issues to trial in the expectation of showing the amount received by defendant from the American Association of Foreign Language Newspapers by one of the officers of said association; but his testimony showed that the books of the association had been destroyed and that it had no means of furnishing the information desired, and thereupon plaintiff asked and was granted leave to withdraw a juror.

There is difficulty with respect to that part of the order requiring the production of the books, for since the defendant's place of business is in Philadelphia it is to be inferred that its books are there, and there is no evidence that they are here. We have sustained an order for the examination of the books of a foreign corporation invoking the jurisdiction of this court *as a plaintiff* (*National Distilling Co.* v. *Van Emden*, 120 App. Div. 746) and an order for the production of the books of a foreign corporation *defendant* in an action on a contract made in this State by which plaintiff was entitled to an inspection of such books (*Sullivan* v. *Ryan-Parker Const. Co., No. 1*, 148 App. Div. 243); but with those exceptions we have not attempted to exercise jurisdiction to require a foreign corporation not doing business here to bring from without the State and produce

within this jurisdiction the books or records of the corporation. (See *Snow, Church & Co.* v. *Snow-Church Co.*, 80 App. Div. 40.)

Without deciding whether it would be within the jurisdiction of the justice or of the court to make such an order in instances other than those in which such jurisdiction has been heretofore exercised, we are of opinion that the plaintiff should be left to his remedy by commission to obtain proof of the entries in defendant's books.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and motion granted, without costs, to the extent of modifying the order for the examination so as to provide for the examination of the *defendant through its* president *and secretary*, naming them, and by eliminating the provisions thereof requiring the production of books and papers.

Clarke, P. J., Dowling, Smith and Page, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs, to the extent stated in opinion. Order to be settled on notice.