LOUIS G. WILSON, Plaintiff, *v.* VAN DORN IRON WORKS Co., Defendant.

(Supreme Court, Kings Special Term for Motions, March, 1919.)

Inspection — when motion for an inspection of books of foreign corporation in another state will be granted — contracts.

Where in an action to recover commissions due under a contract with defendant, a foreign corporation, by which plaintiff was to receive, besides a salary, a certain percentage on all sales in a certain territory, the plaintiff has no knowledge as to the amount thereof, an order for an inspection of defendant's books, though they are at its main office in another state, will be granted, with the provision that defendant at its election produce its books or submit sworn copies of entries therein relating to the matter in controversy.

MOTION for an inspection of defendant's books.

Lynn W. Thompson, for plaintiff.

White & Case (David Paine, of counsel), for defendant.

CROPSEY, J. Plaintiff seeks an inspection of defendant's books. The suit is to recover commissions due on sales made. The plaintiff was under contract with the defendant by which he was to receive a salary and a certain percentage on all the sales in the New York district. The plaintiff does not know the amount of those sales. He has examined the New York manager but cannot get the information. The claim is that none of defendant's books are in this state — that they are in Ohio, at its main office. The need of the inspection is demonstrated. And it is manifest that defendant's books do contain the information sought. Of course they show the amount of business done at its New York district. And the fact that plaintiff cannot name the particular book which contains this information is not important. All that defendant would be required to exhibit would be the book or record that does contain that information.

Nor is the fact that the defendant is a foreign corporation of itself a reason why the petition should be denied. Defendant's brief asserts that "no power exists in this court to order the discovery and inspection of books of a foreign corporation when such books are outside the state." This statement, however, does not seem to be justified by the authorities. It is a fact that rather broad language appears in *Snow, Church & Co.* v. *Snow-Church Surety Co.*, 80 App. Div. 40. But that case did not go so far. And the court that decided it later held that an inspection and discovery was prop-

erly ordered of a foreign corporation's books in an action against it. *Sullivan* v. *Ryan-Parker Construction Co.,* 148 App. Div. 243. And the same court authorized such a proceeding where a foreign corporation was the plaintiff. *National Distilling Co.* v. *Van Emden,* 120 App. Div. 746. It is claimed that the case of *Kram* v. *Jewish World Publishing Co.,* 176 App. Div. 840, limits the instances in which such an inspection may be had to those in which a foreign corporation invokes the jurisdiction of the court or in which it is sued on a contract made in the state whereby the plaintiff was entitled to such inspection. If the rule be thus limited the present plaintiff comes within it. His contract of employment was made within the state. The defendant, though a foreign corporation, had authority to do business within the state and thus subjected itself to its jurisdiction. The inspection sought is to establish the amount of defendant's sales made in this district through its New York office.

If the books are in constant use in Ohio there is precedent for permitting the defendant to supply sworn copies of them instead of requiring their production in this state. *Ervin* v. *Oregon R. & N. Co.,* 22 Hun, 566; *Sims* v. *Bonner,* 16 N. Y. Supp. 801, 802. The case of *Pfaelzer* v. *Gassner,* 54 Misc. Rep. 579, is not in conflict with those just cited. That held that the party seeking the inspection could not be compelled to accept a sworn copy in its stead. Here the plaintiff is willing to accept the substitute. Of this the defendant cannot complain.

Motion granted. The order may provide that the defendant at its election shall either produce the books or submit sworn copies of their entries relating to the matter in controversy. It may be settled on notice.

Motion granted.