HARRY GEMSON, Respondent, *v.* ADOLPH J. PERREAULT and Others, Doing Business under the Name PERREAULT MANUFACTURING COMPANY, Defendants, Impleaded with NAPOLEON J. PERREAULT, JR., Appellant.

Second Department, June 9, 1922.

**Discovery and inspection — action by sole selling agent against foreign co'artnership to recover commission — summons served personally in this State on one partner — court had power to grant order for discovery and inspection of ceitain books o: partnersh p**

In an action against a foreign copartnership to recover commissions alleged to be due to the plaintiff for goods sold by the defendants in violation of their contract with the plaintiff, who was acting as sole selling agent, wherein the summons is served personally upon one of the partners within this State, the

court has power to grant an order, on the application of the plaintiff, for a discovery and inspection of certain partnership books of the defendants, or in lieu thereof that the defendants furnish the plaintiff a copy of such books, for the plaintiff by serving one of the copartners acquired jurisdiction of the person so served, and also jurisdiction of the copartnership property within this State, and any judgment recovered in this action would be against the copartnership, to be satisfied out of copartnership property within the State, or out of the personal assets of the copartner who was served with the summons and complaint.

It will be presumed that the defendant served has the control of the books and papers in question, and that the process of the court directed to him will reach them, and, furthermore, the copartner served is subject to the orders of the court and should he disobey the order his answer may be stricken out and he would be subject to the discipline of the court.

APPEAL by the defendant, Napoleon J. Perreault, Jr., from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 30th day of March, 1922, directing said defendant to give to the plaintiff a discovery and inspection of certain partnership books of the defendants, or in lieu thereof to furnish the plaintiff a copy of such books.

*Bennett E. Siegelstein*, for the appellant.

*Louis J. Altkrug*, for the respondent.

YOUNG, J.:

The defendants are copartners engaged in the manufacture of woolen goods, residing and having their principal place of business at Philadelphia, Penn. The plaintiff is a resident of the city of New York. He alleges that he was the sole agent for selling the entire output of defendants' goods on a four per cent commission basis of the net amount of sales made. He was discharged on January 19, 1922, as he claims, without cause. The present action is to recover four per cent of the net amount of merchandise that the defendants themselves sold and delivered direct from their mills without the agency of the plaintiff and without paying him his commissions, and the plaintiff also makes a claim for commissions on goods manufactured by the defendants.

Napoleon J. Perreault, Jr., was personally served with the summons and complaint in this State, and has duly served his answer thereto.

The plaintiff desires the order appealed from in order to determine the amount of the sales made by the defendant. He states that in order to prove his case it will be necessary for him to show the extent of the sales of merchandise made directly by the defendant; that he has no definite knowledge as to the extent of such sales, and that the only way to determine the amount thereof is

by getting the information from the defendants. He alleges that he believes that these sales have been made in large amounts.

The order appealed from is resisted on the ground that the court was without authority or jurisdiction to make it.

In my opinion there is ample authority to uphold the order in question. The plaintiff by serving one of the copartners acquired jurisdiction of the person so served and also jurisdiction of the copartnership property within this State. Any judgment recovered in this action would be against the copartnership, to be satisfied out of copartnership property within the State or out of the personal assets of the copartner who was served with the summons and complaint. Presumably the defendant served has the control of the books and papers in question and the process of this court directed to him may reach them. Opposition on the part of the other partners furnishes no ground for denying the relief sought. The copartner served is subject to the orders of the court, and should he disobey the order his answer might be stricken out and he would be subject to the discipline of the court.

This court has held in *Thomas* v. *Waite Co.* (113 App. Div. 494) that where the plaintiff's assignor under his contract with the defendant was entitled to receive as compensation a percentage of the net profits of the business, plaintiff suing to recover percentages alleged to be due was entitled to an inspection of the defendant's books and papers in order to prepare for trial, even though the employee had access to the books during his employment.

Similar relief was granted in *Webb* v. *Hedge Co.* (133 App. Div. 420). It is true that in both these cases all parties were residents of the State.

In *Wilson* v. *Van Dorn Iron Works Co.* (106 Misc. Rep. 442), which was affirmed by this court in 188 Appellate Division, 928, an order for the inspection of the books of a foreign corporation was granted at Special Term, where it appeared that the plaintiff had a contract with the defendant by which plaintiff was to receive beside his salary a certain percentage on all sales in a certain territory and the plaintiff was without knowledge as to the amount of such sales. It was stated in the opinion written at Special Term that the fact that the defendant was a foreign corporation was not of itself a reason for denying the petition, and reference was there made to the fact that such an order was upheld in the First Department in *Sullivan* v. *Ryan-Parker Construction Co., No. 1* (148 App. Div. 243). In that case it appeared that the order was granted because the contract of employment provided for such inspection. Likewise such an order was upheld in *National Distilling Co.* v. *Van Emden* (120 App. Div. 746), on the ground that

the plaintiff in the case, although a foreign corporation, had invoked the jurisdiction of the State court.

This question does not seem to have been discussed where the defendant was a copartnership, as in the present case. There can be, however, no real distinction between a case where a foreign corporation has been brought under our jurisdiction and the present case where jurisdiction has been acquired over the person of one of the copartners. As already pointed out, he is subject to the orders of the court, and it is to be presumed that he controls the books and papers of the copartnership. The defendants have the right to do business in this State, and the contract with the plaintiff was carried out in this State to a great extent, although made in Philadelphia. The defendants are doing business in New York city and have an office there, and under the circumstances shown I am satisfied that the order appealed from was fully justified and should be affirmed, with ten dollars costs and disbursements.

BLACKMAR, P. J., KELLY, MANNING and KELBY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.