THE PEELLE COMPANY, Respondent, v. JOSEPH RASKIN and Another, Appellants.— Interlocutory judgment unanimously affirmed, with costs No opinion. Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

GEORGE P. ROCKWELL, Respondent, v. A. B. LEACH & Co., INC., and Others, Appellants.— Order denying motion to vacate notice to take testimony modified by amending paragraph 1 of the notice so as to read: " 1. The earnings and income of Liberty Oil Company, Inc., for the year 1919 and years prior thereto;" by changing paragraph 4 thereof so as to read: " 4. The net profits of the company earned from July 1, 1916, to and including the year 1919;" and by changing paragraph 8 thereof so as to read: " 8. The issues raised by the allegations of paragraph 7 of the complaint and the denial thereof in the defendants' answer." As thus modified the order is affirmed, with ten dollars costs and disbursements. The taking of testimony of witnesses by deposition before trial under section 288 of the Civil Practice Act is not confined to witnesses who are residents of the State of New York. This is shown by the provision of section 300, that where the person to be examined is not a resident he shall not be required to attend in any county other than that wherein he is served with a subpœna; except that where the examination is held pursuant to an order he may be compelled to attend in any county specified in the order. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

LAWRENCE W. SCUDDER, Appellant, v. STEPHEN B. ELKINS, Respondent.— Judgment reversed upon the law and new trial granted, costs to abide the event. In our opinion the provisions of the agreements between the partners dated January 1, 1920, and November 17, 1921, bestowed upon the plaintiff the power to collect the claim against the defendant. This was coupled with an irrevocable interest and amounted to an assignment. We also think that from the facts disclosed in the record the assignment was consented to and ratified by the defendant. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

---

### THIRD DEPARTMENT, MARCH, 1923.

Before STATE INDUSTRIAL BOARD, Respondent.

MRS. CORCEFUSSO M. ALTADONNA, Claimant, Respondent, *v.* THOMAS DWYER and Another, Appellants.

*Workmen's Compensation Law — orderly and proper administration of law required — case remitted to State Industrial Board for improper proceedings before referee.*

Appeal from a decision and award of the State Industrial Board, made on May 13, 1922.

PER CURIAM: The conduct of the proceedings before the referee in this case, in the interests of the orderly and proper administration of the law under the statute, requires that the case be sent back to the State Industrial Board. All concur. Award reversed and matter remitted to the State Industrial Board.