HICKORY MEMORIAL HOSPITAL, INC., Plaintiff, *v* THE NEWS SYNDICATE COMPANY, INCORPORATED, and GEORGE DIXON, Defendants.

Supreme Court, Special Term, New York County, February 3, 1942.

*John W. Simpson*, for the plaintiff.

*Townley, Updike & Carter* [*Stuart N. Updike* and *Weymouth D. Symmes* of counsel], for the defendants.

WALTER, J. A North Carolina corporation which conducts a hospital in that State here sues a New York corporation and a resident of New York for libel. The action is based upon a publica-

tion made in a newspaper published in New York. Defendants move for an examination of plaintiff before trial in support of affirmative defenses, and ask also for the production of books and records. Plaintiff is not and never was engaged in business in New York and has no office or officer here and its books and records are not located here.

It is, of course, obvious that the mere fact that plaintiff is a foreign corporation does not make it immune from examination (*National Distilling Co.* v. *Van Emden*, 120 App. Div. 746; *Blumenthal & Bickart, Inc.*, v. *Crowley*, 138 id. 845), and foreign corporations which sue in our courts sometimes are required to submit to examination here even though that requires that they send their officers and records here for the purpose of the examination. (*Meinig Co.* v. *United States Fastener Co.*, 194 App. Div. 397; *Island Supply Co., Inc.*, v. *Steitz*, 127 Misc. 598.) The granting of such examination rests, however, in the discretion of the court, and where hardship would result the examination should be denied and the party applying therefor relegated to an application for a commission to take testimony outside the State. (See cases last cited.)

So far as the court has been able to discover, all the cases in which foreign corporation plaintiffs have been required to submit to examination here have been cases in which such plaintiff voluntarily had some transaction in New York or with New York corporations or residents and was suing with respect to such transaction. Here, on the contrary, the plaintiff never voluntarily engaged in any transaction in New York or had any dealings with defendants. It merely found itself referred to in a New York newspaper because of something it is said to have done in North Carolina, and it has been forced to sue in New York simply because that is the place where it can get jurisdiction over the publisher and reporter of that newspaper. To say that every non-resident or foreign corporation libelled by a New York newspaper must come here or send its officers and records here for examination before trial whenever the newspaper alleges justification does not appeal to me as just.

The motion is denied, without prejudice to a motion for a commission.