■ TESSIE DROOGAS, Respondent, v. CONSTANTINE N. DROOGAS, Appellant. — In an action to remove a cloud on title to real property, in which a counterclaim is interposed for an accounting, defendant appeals from an order dated October 10, 1955, granting plaintiff's motion (a) directing examination before trial in Kings County of defendant, a resident of California; (b) requiring him to make his answer more definite and certain, and (c) directing him to serve a bill of particulars. Defendant also appeals from an order dated December 15, 1955, insofar as it conditionally strikes out his answer for failure to appear for the examination on the date fixed, and as adheres, on reargument, to the original decision. Order dated December 15, 1955, modified (1) by striking from the third ordering paragraph everything following the word " reargument " and by substituting therefor provisions (a) that plaintiff's motion to examine defendant before trial in Kings County be denied without prejudice to an application, if plaintiff be so advised, to examine defendant in California on written interrogatories or by open commission, (b) that plaintiff's motion to make the answer more definite and certain be denied; and (2) by striking from said order the first and second ordering paragraphs and by substituting therefor a provision that plaintiff's motion to strike out the answer be denied. As so modified, order, insofar as appealed from, affirmed, without costs. Appeal from order dated October 10, 1955, dismissed, without costs. The provisions with respect to examinations before trial of parties apply to nonresidents as well as to residents. (*Wolf* v. *Union Waxed & Parchment Paper Co.*, 148 App. Div. 623; *Rockwell* v. *Leach &*

*Co.,* 206 App. Div. 632.) Where a nonresident invokes the jurisdiction of our courts, the granting of the examination rests within the sound discretion of the court to which the application is made. (*Meinig Co.* v. *United States Fastener Co.,* 194 App. Div. 397; *Probst* v. *Frenkel,* 240 App. Div. 504; *Berger* v. *Van Doorn,* 57 N. Y. S. 2d 434.) Facts and circumstances showing hardship justify the denial of a motion to examine a nonresident even though he invokes the jurisdiction of our courts. (*Hickory Memorial Hosp.* v. *News Syndicate Co.,* 178 Misc. 79; *Meinig Co.* v. *United States Fastener Co., supra.*) The claimed hardship of defendant, now a resident of California and a nonresident of New York for the past eight years, the unusual and unexplained delay in the commencement of the action, and the other circumstances here present render the order directing the examination of defendant in Kings County an improvident exercise of discretion. The twelve items of the examination were properly granted. We disagree with Special Term only as to the place of the examination. The motion to examine defendant in California will deal only with the manner in which the examination is to be held and the expenses in connection therewith. The provisions of the order of December 15, 1955, striking out the answer are, therefore, academic. Nolan, P. J., Beldock, Murphy and Ughetta, JJ., concur; Wenzel, J., concurs in the dismissal of the order dated October 10, 1955, and the modification of the order dated December 15, 1955, except insofar as plaintiff's motion to examine defendant in Kings County is denied without prejudice to an application, if she be so advised, to examine defendant in California on written interrogatories or open commission, and votes to deny the motion, with the following memorandum: Plaintiff's action is ostensibly one to remove a cloud on title but the allegations in her complaint affirmatively show that she has had no title to the property in question since 1942. While it is alleged that a deed she executed in that year was executed under duress, such a deed is valid until declared void. While there is but one cause of action formally alleged in the complaint, there are further allegations which would indicate that she also seeks the enforcement of an alleged oral promise to reconvey made sometime prior to March 1, 1947. If the plaintiff has any cause of action, it is to set aside the conveyance made by her and, under such a cause of action, the Statute of Limitations pleaded as an affirmative defense is palpably sufficient. The parties in this action should not be burdened with an examination before trial in which it clearly appears from a reading of the pleadings that the plaintiff cannot recover.