■ SOUTHBRIDGE FINISHING Co., Respondent, v. JULIUS GOLDING, Doing Business as J. G. TEXTILE COMPANY, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. The date for the examination to proceed shall be fixed in the order. Settle order on notice. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ.

■ DOROTHEA A. SHEARN, Appellant, v. PAUL E. LORD, as Coexecutor of CLARENCE J. SHEARN, Deceased, Respondent, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ.

■ In the Matter of JOSEPH M. NEWMARK, Respondent-Appellant, against C & C SUPER CORPORATION, Appellant-Respondent.— The petitioner, a director of the respondent, which is a Delaware corporation, has an absolute, unqualified right to inspect its books and records (*Matter of Cohen* v. *Cocoline Prods.,* 309 N. Y. 119, 123). A director has that right with respect to a foreign corporation if it actively functions within the State (see *Matter of Rogers* v. *American Tobacco Co.,* 143 Misc. 306, affd. 233 App. Div. 708; *Matter of Lavin* v. *Lavin Co.,* 264 App. Div. 205). It is charged that the respondent has removed its records to Englewood, New Jersey, or is about to do so. It is also claimed that the respondent maintains its principal office in New York City where many of its books and records are located, that it actively manages and conducts its business from that office and holds its directors' meetings there. None of these charges is denied. It must be concluded, therefore, that the respondent is present and doing business within this State (*Matter of Lavin* v. *Lavin Co., supra*). The Supreme Court, where it has jurisdiction of the parties and under appropriate circumstances, may direct the return of books and records removed to another State or order their examination in another jurisdiction if such direction is not violative of the laws of the State where the examination is to be made (Restatement, Conflict of Laws, § 94; *Securities & Exchange Comm.* v. *De Artemisa,* 150 F. 2d 215; *Gemson* v. *Perreault,* 201 App. Div. 649; *Wilson* v. *Van Dorn Iron Works Co.,* 106 Misc. 442, affd. 188 App. Div. 928; *National Distilling Co.* v. *Van Emden,* 120 App. Div. 746). Under the special circumstances existing here, the petitioner should not be limited to an examination of the books and records physically located within the jurisdiction, but in addition may inspect those regularly kept in the office maintained without the State. We, therefore, modify the order of Special Term only to the extent of requiring the addition of another decretal paragraph to provide that books regularly kept in an office maintained out-of-State need not be brought to the New York office but may be examined in the office maintained without the State. The petitioner must bear the expenses attendant upon the examination in both places. Order unanimously modified in accordance with the above memorandum and, as so modified, affirmed, with $20 costs and disbursements to the petitioner-respondent. Settle order on notice. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ.

■ SANDRA R. HEARST v. GEORGE R. HEARST.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ. [See *ante,* p. 706.]