■ ADA T. TRASK, Appellant, v SAMUEL COHEN et al., Respondents.—In an action, *inter alia,* to recover upon certain debts allegedly owed to the estate of Jacob Cohen, plaintiff appeals from an order of the Supreme Court, Nassau County, entered December 12, 1978, which, *inter alia,* transferred the action to the Surrogate's Court, Kings County. Order affirmed, with $50 costs and disbursements. Although the Surrogate's Court does not generally have jurisdiction over *inter vivos* trusts, the trust in question is so intimately connected with the estate of Jacob Cohen that the dispute "affects the administration" of the estate (see CPLR 325, subd [e]). The *res* consists of fractional interests in businesses which the decedent owned in part at the time of his death. The estate's interests in those businesses were subsequently sold with the approval of the Surrogate but payment was secured by the interests themselves. Further, the parties to the dispute are also coexecutors of the estate (see *Matter of Koehler,* 134 Misc 532). Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.

■ In the Matter of ALBERT KESSMAN et al., Respondents, v WILLIAM PERAGINE et al., Constituting the Board of Assessors of the Town of Patterson, Appellants.—In a proceeding pursuant to article 7 of the Real Property Tax Law, the appeal is from an order of the Supreme Court, Putnam County, dated June 29, 1978, which denied appellants' motion to dismiss the petition or, in the alternative, for leave to serve an answer. Order modified by deleting therefrom the provision which denied appellants' application for leave to serve an answer and substituting therefor a provision granting such leave. As so modified, order affirmed, without costs or disbursements. Appellants' time to answer is extended until 10 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. Although the assessment complaint and the certiorari petition can scarcely be deemed artistic, a liberal reading indicates that their attack is upon an alleged double assessment. Therefore we affirm the denial of appellants' motion to dismiss. We believe, however, that appellants should be given an opportunity to serve a formal answer to the petition setting forth whatever defenses they may deem appropriate. O'Connor, J. P., Lazer, Rabin and Gulotta, JJ., concur.