■ CHRISTINE SPALLETTA, Appellant, v DONALD F. SPALLETTA, Respondent.—Appeal by the plaintiff wife, on the ground of inadequacy, from so much of an order of the Supreme Court, Nassau County, dated November 14, 1978, as awarded her child support of $150 per month per child. Case remitted to Special Term for an inquest at which evidence may be presented as to defendant's present financial circumstances, and appeal held in abeyance in the interim. Special Term is to file its report with all convenient speed. Special Term should not have proceeded in the absence of an inquest. Damiani, J. P., Mangano, O'Connor and Weinstein, JJ., concur.

■ STATE OF NEW YORK, Appellant, v ROCKLAND COUNTY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondent Rockland County to complete the acquisition of certain property, petitioner appeals from a judgment of the Supreme Court, Rockland County, dated July 23, 1979, which, upon respondents' motion to dismiss the petition, dismissed the proceeding as untimely. Judgment reversed, on the law, without costs or disbursements, and motion to dismiss denied. Respondents' time to answer is extended until 20 days after service upon them of the copy of the order to be made hereon, together with notice of entry thereof. The instant proceeding is not barred by the Statute of Limitations since it was commenced within four months of respondents' refusal, upon the demand of petitioner, to perform their alleged duty (see CPLR 217). In the absence of statutory authority, the defense of laches (see *Austin v Board of Higher Educ. of City of N. Y.*, 5 NY2d 430), may not be asserted against the petitioner State of New York (see *Matter of Jamestown Lodge 1681 Loyal Order of Moose [Catherwood]*, 31 AD2d 981). Disposition of the proceeding on the merits must await joinder of issue. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.