OPINION OF THE COURT
Martin Evans, J.
Defendant City University of New York, sued sub nom. Board of Higher Education, defendant’s predecessor entity, moves for summary judgment dismissing the complaint on the grounds that this court lacks subject matter jurisdiction. This motion requires us to assess the relationship between the jurisdiction of the Supreme Court with that of the Court of Claims. It suggests a question of first impression: what is this court’s power to transfer a case to the Court of Claims? Plaintiff, a construction worker, sues defendant and others for injuries allegedly received on a construction site at Hunter College. Defendant has impleaded several contractors. Defendant claims that, as an entity of the State of New York, it can only be sued in the Court of Claims.
The Supreme Court of the State of New York is a court of general original and unlimited jurisdiction which cannot be limited by statute. (Matter of Steinway, 159 NY 250.) Indeed whenever a new cause of action is recognized, even if the Legislature mandates that it be tried in a different *495 specified court, the Supreme Court automatically acquires jurisdiction over it. (Kagen v Kagen, 21 NY2d 532.) The subject matter jurisdiction of the Supreme Court can only be limited by the Constitution.
The relinquishment of the State’s historic sovereign immunity is not the recognition of a new cause of action. Rather, it is the recognition of a new class of permissible defendant — the State and its entities. When the State of New York waived its common-law immunity from civil suit, it mandated a condition precedent: that all cases brought against the State be tried in the Court of Claims. (Court of Claims Act, § 8; Easley v New York State Thruway Auth., 1 NY2d 374.) When the prior statutory powers of the Court of Claims were included in the Constitution as “continued”, the court’s exclusive jurisdiction over monetary claims brought against the State was incorporated by reference. (See NY Const, art VI, former § 23, as amd 1949; Psaty v Duryea, 306 NY 413, 417.) It is thus beyond cavil that the jurisdiction of the Supreme Court does not extend to this class of cases:
When the city university was reorganized in 1979, the Legislature intended that it remain as an independent system of higher education. The State assumed full responsibility for its financial obligations. (L 1979, ch 305; Education Law, § 6201.) The Board of Higher Education, the former city body corporate which administered the university, was continued under the name “City University of New York”. The former may orally appointed members of the board were replaced by a board of trustees chosen by the Governor and the Mayor. (Education Law, §§ 6203, 6204.) In a compromise, legal responsibility was shared. The State undertook to indemnify the university for the acts of trustees, university employees, and employees of the senior colleges; the city continued to indemnify the university for the acts of employees of its community colleges. (Education Law, § 6205.) Actions against the university arising from the community colleges would continue to be tried as before; contract and tort actions arising from the senior colleges were to be tried in the Court of Claims! (Education Law, § 6224.)
*496 In short, the city university became a creature of the State. Even though it remained a distinct, independent, quasi-governmental entity, it became one effectively controlled by the State. Indeed, its character is no different than it would have been had the Legislature abolished its predecessor body and transferred its powers, assets and liabilities to a newly created entity. Thus, in the absence of the indemnification- and jurisdiction-sharing sections of the reorganization legislation, the Court of Claims would have acquired exclusive jurisdiction over claims against the newly constituted entity. (See Tillot v New York State Thruway Auth., 107 Misc 2d 229.) Viewed in isolation, subdivision 4 of section 6224 of the Education Law, which grants exclusive jurisdiction to the Court of Claims over actions involving the senior city colleges, is unnecessary surplusage.
Any jurisdictional grant must be viewed in its legislative context. As the sovereign can set any condition precedent to the waiver of its immunity, so can it also agree to share newly assumed liability with another entity. This is precisely what the Legislature sought to accomplish in the city university reorganization. Such shared liability is not an impermissible legislative alteration of the Court of Claims’ exclusive constitutional jurisdiction over claims against the State. In the class of cases where the city indemnifies the university, it is the city and not the State which is the proper party defendant. Where there is no State liability, there can be no proper claim against it which would trigger the Court of Claims’ jurisdiction.
Although this court lacks subject matter jurisdiction the dismissal sought is not appropriate. Where an action has been mistakenly commenced in a court lacking subject matter jurisdiction, the Supreme Court “upon motion, may remove the action to the proper court, upon such terms as may be just.” (CPLR 325, subd [a].) Although originally adopted in 1962, the statutory provisions are essentially carry-overs from the predecessor Civil Practice Act. (Civ Prac Act, § 110.)
These provisions were broadened, and to a great extent, rendered redundant by the transfer provisions of the Constitution’s new judiciary article, adopted in 1961 while the *497 CPLR was still under debate in the Legislature. (NY Const, art VI, § 19; see McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C325:4, p 444.) The Constitution empowers the Supreme Court to transfer, inter alla, “any action or proceeding, except one over which it shall have exclusive jurisdiction which does not depend upon the monetary amount sought, to any other court having jurisdiction of the subject matter within the judicial department provided that such other court has jurisdiction over the classes of persons named as parties.” (NY Const, art VI, § 19, subd a.) Thus, this court can transfer a case, sua sponte, to any other court within the same department for any reason.
The Court of Claims, however, is, like the Supreme Court, a court of State-wide jurisdiction and is not a court “within the judicial department”. Since the Constitution’s transfer section makes no reference to the Court of Claims, it would appear that the situation at bar is a unique one where CPLR 325 (subd [a]) retains its independent vitality.
While this court can remove the main action to the Court of Claims, it cannot so remove the third-party action. The Court of Claims can only entertain claims against the State, counterclaims by the State against the claimants, and interpleader claims by possible coclaimants. (Court of Claims Act, § 9.) It cannot adjudicate third-party claims by the State against joint tort-feasors or others owing it indemnification or contribution. The Court of Claims lacks subject matter jurisdiction over such claims not only because they are not authorized by the Court of Claims Act; they would deprive the third-party defendants of rights, such as that to a trial by jury, which are constitutionally guaranteed to them but unavailable in the Court of Claims. (See Horoch v State of New York, 286 App Div 303, 306.) If and when the State consents to be sued in courts of general jurisdiction whose rules would guarantee the procedural rights otherwise available to such litigants, it would be able to engage in third-party practice. Since the university would not have been permitted to implead the contractors had plaintiff initially sued in the Court of Claims, a fortiori, it cannot continue (or reinstate) the *498 third-party claim upon transfer to the Court of Claims. The third-party claim is therefore severed.
Defendant’s motion for summary judgment dismissing the complaint is accordingly denied. Plaintiff’s application for leave to commence an action nunc pro tune in the Court of Claims is granted to the extent that the main action is removed to such court pursuant to CPLR 325 (subd [a]).
Settle order providing for an altered caption to reflect the changed name of defendant.