OPINION OF THE COURT
Rose L. Rubin, J.
Manufacturers Hanover Trust Company (MHT), a defendant, moves for an order dismissing the first and third causes of action brought against it individually for failure to state a cause of action, and transferring the remaining causes of action from this court to Surrogate’s Court, Queens County, on the ground that proceedings are pending in that court which render it the more appropriate forum to resolve the issues.
Plaintiff seeks to recover one half of $80,285.58 which he alleges is his property by reason of the establishment of various bank accounts by his late father, Leo T. Collins, in his name and plaintiff’s. One of the accounts was maintained at the Whitestone Savings and Loan Association *908 (Whitestone). The others were maintained at MHT. The father closed the accounts or eliminated the son’s name from them on June 9,1983. He opened new accounts in his own name with the proceeds of the closed accounts. The father died on July 19, 1983. His will was admitted to probate in the Surrogate’s Court, Queens County, on November 22, 1983. Thereafter, this action was commenced on, or shortly after, November 28, 1983.
MHT is sued in its capacity as executor of the estate of plaintiff’s father and individually, as depository of the accounts referred to. Plaintiff consents to dismissal of the third cause of action relating to the account in Whitestone, acknowledging that no action may be maintained against MHT in its individual capacity inasmuch as it had no relationship to that account in that capacity. Taking note of section 675 of the Banking Law, plaintiff also consents to dismissal of the action against MHT in its individual capacity for alleged participation in the transfer of the MHT accounts. Accordingly, these portions of defendant’s motion are granted. The first and third causes of action are dismissed as to MHT individually.
That portion of the motion which seeks a transfer of the action to the Queens County Surrogate’s Court is made by MHT in its capacity as executor. It is based on the premise that the action seeks the proceeds of a decedent’s estate and that, accordingly, the Surrogate’s Court, Queens County, is the appropriate forum. Plaintiff responds that such transfer would violate section 19 of article VI of the New York State Constitution.
The starting point for inquiry is CPLR 325 (subd [e]) which provides as follows: “Where an action pending in the supreme court affects the administration of a decedent’s estate which is within the jurisdiction of the surrogate’s court, the supreme court, upon motion, may remove the action to such surrogate’s court upon the prior order of the surrogate’s court.”
This statute makes no change from the practice under its predecessor statute (Civ Prac Act, § 190-a). (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C325:5, p 445.) It was enacted to “ ‘expedite the settlement of estates.’ This was to be accomplished by *909 allowing removal of actions affecting the estate to the Surrogate’s Court which presumably had a calendar less subject to delays.” (1 Weinstein-Korn-Miller, NY Civ Prac, par 325.23; Ruskin & Lippman v Sable, 85 Misc 2d 715.)
The salutary policy of transferring actions from the Supreme Court to the Surrogate’s Court, where the subject of the action is an estate matter, achieves the goals of the statute by having available the expertise which resides in the Surrogate’s Court and the uni ied administration of an estate. For example, here the interests of the residuary legatees, the elder Mr. Collins’ 18 grandchildren, can be better dealt with in the Surrogate’s Court as part of the over-all administration of the estate than in the piecemeal litigation reflected by this suit. Another illustration exists in Trask v Cohen (72 AD2d 549), where the court affirmed the transfer by the Supreme Court of Nassau County of an action to recover upon certain debts allegedly owed to the estate to the Surrogate’s Court of Kings County, pursuant to CPLR 325 (subd [e]), because the dispute affected the administration of the estate and the parties to the dispute were coexecutors of the estate.
Plaintiff disputes the existence of a pending proceeding, now that the probate proceeding has been completed. He contends that the Surrogate’s Court provides only a series of special proceedings, with no ongoing jurisdiction between such proceedings. His argument is belied by SCPA 205 which provides continuing jurisdiction by the Surrogate’s Court over all further proceedings in an estate or matter commenced there.
CPLR 325 (subd [e]) has been superseded by article VI (§ 19, subd a) of the New York State Constitution, effective September 1, 1962, which enables the Supreme Court to remove an action to the Surrogate’s Court on its own motion, without a prior order of the Surrogate’s Court. (1 Weinstein-Korn-Miller, NY Civ Prac, par 325.20; Garland v Raunheim, 29 AD2d 383; Matter of Weitzenhoffer, 75 Misc 2d 919.) This provision reads as follows: “The supreme court may transfer any action or proceeding, except one over which it shall have exclusive jurisdiction which does not depend upon the monetary amount sought, to any other *910 court having jurisdiction of the subject matter within the judicial department provided that such other court has jurisdiction over the classes of persons named as parties.”
Under this provision of the Constitution, the same principle is reiterated. For example, in Peekskill Community Hosp. v Sayres (88 AD2d 657), the Appellate Division, sua sponte, transferred an action to recover damages and other relief for wrongfully procuring assets of a decedent from the Supreme Court, Westchester County, to the Surrogate’s Court of Westchester County, stating that “[w]her-ever possible, all litigation involving the property and funds of a decedent’s estate should be disposed of in the Surrogate’s Court [citations omitted]. Accordingly, Special Term should have exercised its power under article VI (§ 19, subd a) of the Constitution of the State of New York to direct the transfer to the Surrogate’s Court [citations omitted].” (See, also, Hollander v Hollander, 42 AD2d 701; Garland v Raunheim, 29 AD2d 383, supra.)
Plaintiff’s position is that the transfer of the case from the Supreme Court, New York County, in the First Department to the Surrogate’s Court, Queens County, in the Second Department is impermissible because the transfer is not to other courts within the judicial department. This creates an issue in which research discloses minimal precedent.
In Shearn v Lord (16 Misc 2d 224, affd 3 AD2d 823), the Supreme Court, New York County, in the First Department, transferred an action to Surrogate’s Court, Westchester County, in the Second Department, pursuant to section 190-a of the Civil Practice Act, the statutory predecessor of CPLR 325 (subd [e]). The underlying cause of action was for the determination of ownership of real property located in New York County. The record owner of the property was deceased at the time and his estate was being administered in Westchester County. The court recognized a “settled policy to concentrate matters relating to decedents’ estates in the respective Surrogate’s Court having jurisdiction of such estates so as to obviate duplication of trial and expense”. (Shearn v Lord, 16 Misc 2d 224, 226, supra.)
*911 Shearn v Lord (supra) was decided prior to the effective date of article VI (§ 19, subd a). Nonetheless, it continues to be relied upon by later decisions in conjunction with the constitutional provision. (E.g., Peekskill Community Hosp v Sayres, supra; Hollander v Hollander, supra; Garland v Raunheim, supra.) This court agrees with the policy exemplified by Shearn v Lord (supra), in favor of transferring appropriate matters to courts of concurrent jurisdiction, to achieve the goals of economy of time, expense and effort. This objective should not be limited by the geographic boundaries of judicial departments. Except for Shearn, however, no authority deals with a transfer beyond the boundaries of a judicial department.
Persuasive is the decision in Brooks v Board of Higher Educ. (113 Misc 2d 494), where Special Term dealt with an application for transfer to the Court of Claims. The underlying action was for injuries sustained by the plaintiff, a construction worker, on a construction site at Hunter College. As an entity of the State of New York, a suit against the Board of Higher Education could be brought only in the Court of Claims. The court ordered the transfer pursuant to CPLR 325 (subd [a]), a companion provision to CPLR 325 (subd [e]). In Brooks, the court was persuaded by the fact that the Supreme Court and the Court of Claims were both courts of State-wide jurisdiction and as such were not courts within a judicial department.
Article VI (§1, subd a) of the Constitution enumerates, as State-wide courts, the Court of Appeals, the Court of Claims, the Supreme Court, including the Appellate Divisions thereof, the County Court, and the Surrogate’s Court. Further, article VI (§ 1, subd c) of the Constitution provides that all processes, warrants and other mandates of these enumerated courts may be served and executed in any part of the State as a matter of constitutional right.
The Surrogate’s Court of Queens County, as a State-wide court, therefore, is not within a judicial department within the meaning of article VI (§ 19, subd a) of the Constitution. Rather, this prohibition against transfer out of the judicial department is intended to apply only to transfer to those courts that do not have State-wide status. Moreover, subdivision a of section 19 must be read in conjunction with *912 subdivision g of section 19 which provides as follows: “As may be provided by law, the supreme court shall transfer any action or proceeding to any other court having jurisdiction of the subject matter in any other judicial district or county provided that such other court has jurisdiction over the classes of persons named as parties.”
In accord with prior decisions, this court holds that a consent by the Queens County Surrogate to the transfer is not a prerequisite to disposition herein. “In spite of the language contained in CPLR 325 (subd. [e]) the cases have held that no prior consent of the Surrogate is necessary to the requested transfer and it is the court’s duty to accept the transfer if it be so ordered by the Supreme Court, (Garland v. Raunheim, 29 A D 2d 383; Morse v. Penzimer, 58 Misc 2d 156; Matter of Meister, 55 Misc 2d 1050.)” (Matter of Weitzenhoffer, 75 Misc 2d 919, supra.)
The motion of defendant Manufacturers Hanover Trust Company is granted in all respects.