(March 26, 1985)

■ STATE OF NEW YORK et al., Respondents-Appellants, v PETER G. VERNOOY et al., Appellants-Respondents, et al., Defendant. — Order and judgment (one paper), Supreme Court, New York County (Allen Murray Myers, J.), entered March 2, 1984, which (1) denied defendants' motion to amend their answer to include an affirmative defense of Statute of Limitations with respect to the first through fourth causes of action and for summary judgment thereon, (2) granted their motion to amend their answer to assert Statute of Limitations as a defense to the fifth cause of action and dismissed that cause of action as barred by CPLR 213 (1), (3) granted plaintiff's cross motion for summary judgment, declaring the State's entitlement to immediate possession of the cannons, the subject of the action and, (4) directed an assessment of damages in the Supreme Court to determine the compensation to be paid to defendants Vernooy and Davidson for reasonable salvage and necessary expenses incurred in the preservation and keeping of the cannons, pursuant to Navigation Law § 132, unanimously modified, on the law, to the extent of transferring the issue of damages to the Court of Claims for an assessment to determine the amount of compensation for such salvage and necessary expenses, and otherwise affirmed, for the reasons stated by Justice Allen Murray Myers, without costs or disbursements.

This action is to determine the ownership of two 1,000-pound bronze cannons which were cast in 1748 in Woolrich, England, for use by the British Royal Artillery. They were thereafter transported to the colonies and were subsequently captured by the French on August 9, 1757, during the French and Indian War, when Montcalm overran the British troops at Fort William Henry. The French placed the cannons aboard a warship, the *Muskellunge,* assigned to protect Lake Champlain. The cannons were apparently thrown overboard when the French scuttled the *Muskellunge* on October 12, 1759, and were never recovered when the ship was subsequently raised by the British. They

were found on September 21, 1968, some 209 years later, when defendants were skin diving in shallow water in Lake Champlain, about 100 yards from the New York coastline. The State alleges in its second cause of action that, under the common law in effect at the time the *Muskellunge* was scuttled, enemy ships and their cargo became the property of the Crown as "spoils of war".

With one minor exception, we fully agree with the result reached at Special Term based upon a well-reasoned and most thorough discussion of the issues. The exception pertains to the tribunal to determine compensation. As held, the State is proceeding here in its sovereign capacity to assert its entitlement to possession of the cannons, claiming in the first and second causes of action that, under the common law of England, it succeeded to the rights and prerogatives of the Crown, under which salvage found in navigable waters became the property of the Crown if not claimed by the true owner within one year (1 Cooley's Blackstone, Commentaries on Law of England, at 291 [3d ed rev]; *State v Massachusetts Co.,* 95 So 2d 902 [Fla], *cert denied* 355 US 881). The third and fourth causes, respectively, claim possession by reason of the fact that the cannons were located within New York's navigable waters and as objects of archaeological interest found on or under State land, pursuant to Education Law § 233 (4), (5).

To the extent the State was proceeding in its sovereign capacity in commencing this action, the Statute of Limitations is not a defense. The rule at common law was and remains that "no time runs against the King." (*People v Gilbert,* 18 Johns 227.) Clearly, the State is acting in its sovereign capacity to recover possession of these historical artifacts. Therefore, neither the Statute of Limitations nor laches is available as a defense. (*State of New York v County of Kings,* 125 NY 312; *Austin v Board of Higher Educ.,* 5 NY2d 430; *State of New York v Rockland County,* 74 AD2d 921.)

We also agree with Special Term that defendants were entitled to "reasonable salvage, and all necessary expenses incurred in the preservation and keeping of the property" pursuant to Navigation Law § 132, the State having waived its immunity in Court of Claims Act § 8. While no specific counterclaim was interposed in the answer, Special Term acted *sua sponte* and within its discretion in directing an assessment on the issue of damages, liberally construing the responsive pleading. The State, on its cross appeal, does not challenge that direction, except to the extent that the court ordered that the assessment to be held in the Supreme Court. Inasmuch as the waiver of

immunity with respect to claims against the State permits the assertion of such claims only in the Court of Claims (NY Const, art III, § 19; art VI, § 9; Court of Claims Act §§ 8, 9; *Samuel Adler, Inc. v Noyes,* 285 NY 34), the Supreme Court lacks subject matter jurisdiction to proceed with the assessment (*Schaffer v Evans,* 57 NY2d 992, 994; *Psaty v Duryea,* 306 NY 413). Accordingly, we modify only to the extent of transferring the damages issues for an assessment to be held in the Court of Claims.

In doing so, we recognize that the State of New York is much indebted to these young men for having located, salvaged and maintained these cannons. Indeed, their actions redound greatly to the benefit of all the people of the State, especially those in the Lake Champlain area. However, the issue of any further compensation or reward is a matter which must again be addressed to the State Legislature.

Settle order. Concur — Murphy, P. J., Ross, Bloom and Kassal, JJ.