■ STATE OF NEW YORK, Appellant-Respondent, v PATRICIA JACOBS, Respondent-Appellant.—Order and judgment unanimously affirmed without costs. Memorandum: Defendant is the representative payee of her son's Social Security disability benefits. The State sued defendant to recover $2,279.42 of those benefits for services rendered to her son while he resided at the State-operated Monroe Developmental Center. The State alleged in its complaint that defendant wrongfully spent the Social Security benefits.

The State's action is barred by Federal law. The Social Security Act provides that Social Security benefits shall not be subject "to execution, levy, attachment, garnishment, *or other*

*legal process"* (42 USC § 407 [a]; emphasis added). The State's lawsuit clearly constitutes "legal process" *(see, Kriegbaum v Katz,* 909 F2d 70; *Fetterusso v State of New York,* 898 F2d 322, 327-328) and the statutory absolute proscription applies to the State as to any other creditor *(see, Bennett v Arkansas,* 485 US 395, 397; *Philpott v Essex County Welfare Bd.,* 409 US 413, 415-416). To the extent that section 43.03 (a) of the Mental Hygiene Law may be interpreted as authorizing recovery of the cost of institutionalization from Social Security benefits, it is unconstitutional under the Supremacy Clause *(see, Kriegbaum v Katz, supra).*

Moreover, there is no merit to the State's claim that defendant wrongfully spent her son's disability benefits. The record establishes that defendant used the money to pay for such items as clothing, shoes, razors and haircuts for her son which the State failed to provide. These expenditures are clearly authorized by Federal regulation "for the use and benefit of the beneficiary in a manner and for the purposes [the representative payee] determines * * * to be in the best interests of the beneficiary" (20 CFR 404.2035 [a]; *see also,* 20 CFR 404.2040 [a], [b]). On this record there is no evidence that defendant abused her discretion in this regard. Accordingly, the complaint is dismissed.

Although defendant cross-appealed from the denial of her request for attorney fees under 42 USC § 1988, defendant does not argue this point on appeal and, thus, has abandoned it *(see, Legal Aid Socy. v Economic Opportunity Commn.,* 132 AD2d 113, 115).

Supreme Court properly transferred to the Court of Claims defendant's counterclaim seeking reimbursement from the State. Supreme Court lacks jurisdiction over such a counterclaim against the State *(see, Schaffer v Evans,* 57 NY2d 992, 994) and has the power to transfer it to "any other court having jurisdiction of the subject matter" (NY Const, art VI, § 19 [a]), including the Court of Claims *(see, State of New York v Vernooy,* 109 AD2d 682, 684; *Brooks v Board of Higher Educ.,* 113 Misc 2d 494, 497). (Appeals from order and judgment of Supreme Court, Monroe County, Rosenbloom, J.— summary judgment.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.