■ MARGARET C. NISH, Respondent, v TOWN OF POESTEN-KILL et al., Defendants, and STATE OF NEW YORK, Appellant.—Mikoll, J.

Plaintiff commenced this action against the State of New York and others in Supreme Court to recover money damages arising from the alleged appropriation of and trespass upon her property during the widening of Route 66, a State highway in Rensselaer County. As an affirmative defense in its answer, the State alleged that Supreme Court lacked jurisdiction of the subject matter of the action. The State subsequently moved to dismiss the complaint against it based on that lack of subject matter jurisdiction (see, CPLR 3211 [a] [2]). Plaintiff cross-moved for an order severing the causes of action alleged against the State and removing them to the Court of Claims. Supreme Court denied the State's motion to dismiss and granted plaintiff's cross motion. This appeal by the State ensued.

Supreme Court erred in transferring the causes of action against the State to the Court of Claims without first determining whether the Court of Claims had jurisdiction over the subject matter. NY Constitution, article VI, § 19 (a) and CPLR 325 (a) permit transfers of certain actions brought in Supreme Court to any other court having jurisdiction of the subject matter (NY Const, art VI, § 19 [a]). However, as plaintiff failed to timely and properly comply with the provisions of Court of Claims Act §§ 10 and 11 requiring service of the claim upon the Clerk of the Court of Claims and the Attorney-General, a jurisdictional requirement, the Court of Claims is deprived of subject matter jurisdiction over the claim (see, Finnerty v New York State Thruway Auth., 75 NY2d 721, 722-723; Matter of Dreger v New York State Thruway Auth., 177 AD2d 762; see also, Court of Claims Act § 9 [2]).

Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion denied, motion granted and complaint dismissed against defendant State of New York.