■ In the Matter of HAROLD HENION, Petitioner, v COMP-TROLLER OF THE STATE OF NEW YORK et al., Appellants, and WAYNE RYDER et al., Respondents. [603 NYS2d 78] —Yesawich Jr., J. Appeal from that part of a judgment of the Supreme Court (Keniry, J.), entered May 12, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 78, transferred the cross petition of various respondents to Supreme Court in Putnam County.

This proceeding has its origin in a claim to real property located in the Town of Carmel, Putnam County, which was appropriated by the State in 1986. Thereafter, petitioner brought an appropriation claim in the Court of Claims, as a result of which it was ultimately determined that he owned one third of the property at issue and was entitled to an award of $61,333 in compensation therefor. Respondents Wayne Ryder, Marigrace Blanks, Dean Ryder and Merritt Ryder (hereinafter collectively referred to as the Ryders), who also lay claim to the property, had apparently not been served with notice of the appropriation, nor did they file a notice of claim or appear in the action brought by petitioner. In due course a judgment in favor of petitioner was entered; however, respondent Attorney-General, though certifying that he would not appeal the judgment, refused to approve payment thereof without a release from the Ryders, which was not forthcoming.

This CPLR article 78 proceeding to compel the Attorney-General and respondent Comptroller (hereinafter collectively referred to as the State respondents) to pay petitioner the $61,333 adjudged to be his share of the award followed. The State respondents moved to dismiss the petition or, alternatively, to have the Ryders joined as necessary parties. After joinder was ordered, the Ryders answered and cross-petitioned for a determination that they are entitled to the entire appropriation award. Petitioner moved for, and was granted,

summary judgment compelling the Attorney-General to comply with the requirements of Court of Claims Act § 20 (6), to permit payment of the sum due petitioner in accordance with the Court of Claims judgment. After denying the Ryders' cross motion for summary judgment, Supreme Court went on to find that the cross petition was in essence an action to determine a claim of title to real property pursuant to RPAPL article 15, and transferred the cross petition to Supreme Court in Putnam County where the subject parcel is located. The State respondents appeal from this portion of the judgment; they maintain, and we agree, that exclusive jurisdiction over claims of the type asserted by the Ryders reposes in the Court of Claims.

In 1971, both the Court of Claims Act and the Real Property Actions and Proceedings Law were amended, for the express purpose of removing Supreme Court's jurisdiction over claims involving the respective interests and rights of parties to awards made for property appropriated by the State, and vesting that jurisdiction in the Court of Claims (Court of Claims Act § 22 [1]; RPAPL former 1505 [1]). As the Ryders' petition essentially sets forth a claim to the appropriation award, it must therefore be decided, in the first instance, by the Court of Claims (see also, Owasco Riv. Ry. v State of New York, 181 AD2d 665, 666) unless that court is unable for any reason to make such determination (see, Court of Claims Act § 22 [1]). Furthermore, inasmuch as it appears that the Ryders have preserved the jurisdiction of the Court of Claims by timely filing a notice of claim (see, Nish v Town of Poestenkill, 179 AD2d 929, 930, appeal dismissed 79 NY2d 1040), justice will be best served by a transfer of the cross petition to that court (see, NY Const, art VI, § 19 [a]; CPLR 325 [a]).

Weiss, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as transferred the cross petition of respondents Wayne Ryder, Marigrace Blanks, Dean Ryder and Merritt Ryder to the Supreme Court in Putnam County; said cross petition is transferred to the Court of Claims; and, as so modified, affirmed.