■ NOMINEE REALTY et al., Appellants, v STATE OF NEW YORK et al., Respondents, et al., Defendants. [650 NYS2d 281] —In an action for a judgment declaring, *inter alia,* that the State of New York has effected a temporary taking of the plaintiffs' property, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Rossetti, J.), entered September 15, 1995, as granted the respondents' motion to dismiss the first and fourth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs are owners of parcels of land that have been designated as tidal wetlands. As a result of this designation, they have brought this action in the Supreme Court, Nassau County, against the State of New York, the Commissioner of its Department of Environmental Conservation (hereinafter the State defendants), the County of Nassau, its Treasurer, and its Board of Assessors. This action is in addition to a related proceeding brought pursuant to the Environmental Conservation Law, wherein the plaintiffs, along with other similarly situated landowners, seek a determination that the designation of their land as tidal wetlands is the equivalent of a permanent appropriation of the land *(see,* ECL 25-0404; *de St. Aubin v Flacke,* 68 NY2d 66).

In their first cause of action in the instant case, the plaintiffs demand from the State defendants "just compensation" for the "temporary appropriation" of their property pending a final determination in the related proceeding *(see, First English Evangelical Lutheran Church v County of Los Angeles,* 482 US 304, 321; *cf., Matter of Wedinger v Goldberger,* 71 NY2d 428, 440, *cert denied* 488 US 850). We reject the plaintiffs' assertion that they primarily seek equitable relief in this cause of action *(see, Sidoti v State of New York,* 115 AD2d 202, 203; *cf., Matter of Gross v Perales,* 72 NY2d 231, 236). Rather, by its express terms, this cause of action is a claim for money damages against the State of New York, for which the Court of Claims has exclusive jurisdiction *(see,* NY Const, art VI, § 9; Court of Claims Act §§ 8, 9; *Glendora v Cohen,* 215 AD2d 529). The Supreme Court therefore properly dismissed this cause of action for lack of subject matter jurisdiction *(cf.,* ECL 25-0404).

The plaintiffs make the additional assertion that the County of Nassau overassessed their parcels because it failed to take into consideration the restrictions resulting from the designation of the parcels as tidal wetlands. In connection therewith, in their fourth cause of action, they seek a judgment against the State defendants for the "amount" of real property taxes paid on the parcels, "[i]n the event * * * that any of the taxes assessed * * * from 1974 to present are [found to be] valid". Again, by its express terms, the plaintiffs by this cause of action seek money damages against the State. Therefore, the Supreme Court properly dismissed this cause of action.

The plaintiffs' other contentions are without merit. Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.