■ STATE OF NEW YORK, Respondent, v VIRGINIA P. DEWEY, Individually and Doing Business as QUICK AS A WINK OIL COMPANY, N.J. PASTUSHAN, et al., Appellants, et al., Defendants. [688 NYS2d 840] —Carpinello, J. Appeal from an order of

the Supreme Court (Keegan, J.), entered February 24, 1998 in Albany County, which granted plaintiff's motion to dismiss defendants' counterclaim.

Plaintiff commenced this action in Supreme Court to recover costs expended for the cleanup and removal of petroleum at a site owned by defendants. The appealing defendants thereafter counterclaimed for property damage allegedly incurred during plaintiff's cleanup operation or, alternatively, seeking equitable recoupment, offset and/or transfer of the counterclaim to the Court of Claims. Plaintiff moved for an order dismissing defendants' counterclaim on the basis that Supreme Court lacked subject matter jurisdiction. Supreme Court granted the motion and further held that it did not have the power to transfer the matter to the Court of Claims, prompting this appeal.

We affirm. Initially, we note that Supreme Court properly determined that it lacked subject matter jurisdiction to hear defendants' counterclaim because, despite defendants' assertion to the contrary, it is clearly one for money damages against the State "for the torts of its officers or employees" (Court of Claims Act § 9 [2]) over which the Court of Claims has exclusive jurisdiction notwithstanding its assertion in a counterclaim (*see, State of New York v Vernooy*, 109 AD2d 682). Moreover, although defendants are correct in their assertion that Supreme Court may transfer actions brought therein to any other court having jurisdiction over the subject matter (*see,* NY Const, art VI, § 19 [a]; CPLR 325 [a]), we have previously held that failure to timely and properly comply with the notice provisions of Court of Claims Act §§ 10 and 11 deprives the Court of Claims of subject matter jurisdiction (*see, Nish v Town of Poestenkill*, 179 AD2d 929, 930, *appeal dismissed* 79 NY2d 1040; *cf., Matter of Henion v Comptroller of State of N. Y.*, 197 AD2d 807, 808; *see also, Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 722-723). Accordingly, we find that Supreme Court did not err in holding that it was without power to transfer the counterclaim.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.