Frank Liddy et al., Respondents, v Vincent DeStaso et al., Defendants, and State of New York et al., Appellants. [769 NYS2d 406]—

In an action to recover for damage to real property, the defendants State of New York and the New York State Department of Environmental Conservation appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 9, 2002, as denied their motion pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against them and granted the plaintiffs' cross motion pursuant to CPLR 325 (a) to remove the action to the Court of Claims.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The law is well settled that the proper forum for an action against the State which seeks money damages only is the Court of Claims (*see Matter of Gross v Perales,* 72 NY2d 231, 235 [1988]; *Nominee Realty v State of New York,* 233 AD2d 426, 427 [1996]).

The Supreme Court may transfer actions brought therein to any other court, including the Court of Claims, having jurisdiction over the subject matter (*see* CPLR 325 [a]; NY Const, art VI, § 19 [a]; *State of New York v Jacobs,* 167 AD2d 876, 877 [1990]). The July 9, 2002, order did not, however, address the issue of whether the plaintiffs satisfied that court's jurisdictional prerequisites (*see Wynne v DeStaso,* 2 AD3d 841 [2003] [decided herewith]; cf. *State of New York v Dewey,* 260 AD2d 924 [1999]; *Nish v Town of Poestenkill,* 179 AD2d 929, 930 [1992], *appeal dismissed* 79 NY2d 1040 [1992]). Therefore, the appropriate forum to make that determination is the Court of Claims. Goldstein, J.P., Adams, Townes and Mastro, JJ., concur.