■ BRIAN WYNNE et al., Respondents, v VINCENT DESTASO et al., Defendants, and STATE OF NEW YORK et al., Appellants. [769 NYS2d 379]—

In an action to recover for damage to real property, the defendants State of New York and the New York State Department of Environmental Conservation appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 9, 2002, as denied their motion pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against them and granted the plaintiffs' cross motion pursuant to CPLR 325 (a) to remove the action to the Court of Claims.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs' property was flooded on or about September 16, 1999, following the failure of Hygena Lake Dam, which is privately owned and operated, and located in the Town of Clarkstown in Rockland County. They subsequently filed an action in the Supreme Court alleging negligence and the appellants moved, pursuant to CPLR 3211 (a) (2), to dismiss the complaint insofar as asserted against them due to a lack of subject matter jurisdiction. The Supreme Court denied the motion and granted the plaintiffs' cross motion pursuant to CPLR 325 (a) to remove the claims against the appellants to the Court of Claims "without prejudice to the right of the State of New York and the Department of Environmental Conservation of the State of New York to assert any jurisdictional objection or other objection under the Court of Claims Act with regard to plaintiffs' cause of action."

The Supreme Court has the inherent authority, pursuant to CPLR 325 (a) and NY Constitution, article VI, § 19 (a), to transfer actions filed therein to any other court having jurisdiction over the subject matter including, but not limited to, the Court of Claims (*see State of New York v Jacobs,* 167 AD2d 876, 877 [1990]). The order dated July 9, 2002, made no determination with respect to whether the plaintiffs satisfied that court's jurisdictional prerequisites (*cf. State of New York v Dewey,* 260 AD2d 924 [1999]; *Nish v Town of Poestenkill,* 179 AD2d 929, 930 [1992]) but merely removed the action to the appropriate forum (*see Matter of Gross v Perales,* 72 NY2d 231, 235 [1988]; *Nominee Realty v State of New York,* 233 AD2d 426, 427 [1996]) without prejudice to the appellants' right to pursue dismissal therein. Goldstein, J.P., Adams, Townes and Mastro, JJ., concur.