[890 NYS2d 809]

Comical Entertainment Corporation et al., Plaintiffs, v City University of New York et al., Defendants.

Supreme Court, New York County, October 26, 2009

**APPEARANCES OF COUNSEL**

*Andrew M. Cuomo, Attorney General,* New York City, for defendant. *Raoul L. Felder,* New York City, for plaintiff.

**OPINION OF THE COURT**

Debra A. James, J.

Defendants City University of New York, Queens College Kupferberg Center for the Arts, and Vivian Charlop move to dismiss this action based upon lack of subject matter jurisdiction. Plaintiffs cross-move to transfer this action to the Court of Claims pursuant to CPLR 325 (a).

Education Law § 6224 (4) provides in pertinent part that

"[e]xclusive jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the claims of any person against the city university of New York . . . for the breach of a contract relating to construction, reconstruction, improvement, maintenance, operation, purchase or personal services entered into by such university in connection with a senior college of such university."

There is no dispute that the statute applies to the claims brought against the movants in this matter and therefore this court lacks jurisdiction over such claims. (*See Gelin v Lehman Coll.*, 254 AD2d 119 [1st Dept 1998] ["action was properly dismissed for lack of subject matter jurisdiction, Education Law § 6224 (4) conferring exclusive jurisdiction upon the Court of Claims over claims for breach of contract against City University involving its senior colleges"].)

With respect to plaintiffs' cross motion seeking to transfer this action to the Court of Claims, there is a division in the appellate courts as to the applicable standard. The Appellate Division, Third Department, has held that

"Supreme Court erred in transferring the causes of action against the State to the Court of Claims without first determining whether the Court of Claims had jurisdiction over the subject matter. NY Constitution, article VI, § 19 (a) and CPLR 325 (a) permit transfers of certain actions brought in Supreme Court to any other court having jurisdiction of the subject matter (NY Const, art VI, § 19 [a]). However, as plaintiff failed to timely and properly comply with the provisions of Court of Claims Act §§ 10 and 11 requiring service of the claim upon the Clerk of the Court of Claims and the Attorney-General, a jurisdictional requirement, the Court of Claims is deprived of subject matter jurisdiction over the claim." (*Nish v Town of Poestenkill*, 179 AD2d 929, 930 [3d Dept 1992]; *State of New York v Dewey*, 260 AD2d 924, 925 [3d Dept 1999] [same].)

However, the Appellate Division, Second Department, while acknowledging the Third Department holdings, has more recently held that

> "[t]he Supreme Court has the inherent authority, pursuant to CPLR 325 (a) and NY Constitution, article VI, § 19 (a), to transfer actions filed therein to any other court having jurisdiction over the subject matter including, but not limited to, the Court of Claims. The order dated July 9, 2002, made no determination with respect to whether the plaintiffs satisfied that court's jurisdictional prerequisites but merely removed the action to the appropriate forum without prejudice to the appellants' right to pursue dismissal therein." (*Wynne v Destaso*, 2 AD3d 841, 842 [2d Dept 2003] [citations omitted]; *Liddy v DeStaso*, 2 AD3d 792, 793 [2d Dept 2003] [as to "the issue of whether the plaintiffs satisfied that court's jurisdictional prerequisites . . . the appropriate forum to make that determination is the Court of Claims"]; *see also State of New York v Jacobs*, 167 AD2d 876, 877 [4th Dept 1990] ["Supreme Court properly transferred to the Court of Claims defendant's counterclaim seeking reimbursement from the State. Supreme Court lacks jurisdiction over such a counterclaim against the State and has the power to transfer it to any other court having jurisdiction of the subject matter, including the Court of Claims" (internal quotation marks and citations omitted)].)

The parties' submissions and the court's research have revealed no First Department decision on this issue. Therefore, the court adopts the Second Department approach of transferring an action to the appropriate court for a jurisdictional determination. (*See Brooks v Board of Higher Educ.*, 113 Misc 2d 494, 496 [Sup Ct, NY County 1982] ["Although this court lacks subject matter jurisdiction the dismissal sought is not appropriate. Where an action has been mistakenly commenced in a court lacking subject matter jurisdiction, the Supreme Court upon motion, may remove the action to the proper court, upon such terms as may be just" (internal quotation marks omitted)].) Both practically and legally the Second Department's approach appears sounder as it allows the Court of Claims to determine whether its own jurisdictional predicates have been complied with. This is especially the case where Court of Claims Act § 10 (6) grants that court a limited discretion in excusing certain fil-

ing and notice requirements. Finally, the record before this court is insufficient to determine whether the jurisdictional predicates have been complied with because certain of those predicates take place within the Court of Claims itself.

Accordingly, it is ordered that the motion to dismiss is denied without prejudice to renew before the Court of Claims; and it is further ordered that the plaintiffs' cross motion pursuant to CPLR 325 (a) is granted and this action is hereby transferred to the Court of Claims without prejudice to any of the defenses or claims raised by the parties hereto and the Clerk is directed to transfer the file to the Court of Claims upon the presentation of a copy of this order with notice of entry and the payment of appropriate fees, if any.