**Gurney-Goldman v Solil Mgt., LLC**

2024 NY Slip Op 32830(U)

August 12, 2024

Supreme Court, New York County

Docket Number: Index No. 655549/2023

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MELISSA A. CRANE                    PART            60M

*Justice*

-------------------------------------------------------------------------X

STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O, AHG GENERATION X LLC,TRIS GURNEY-GOLDMAN, CINDY GOLDMAN BLOTNER, IN HER PERSONAL CAPACITY AND AS TRUSTEE OF TRUSTS F/B/O CINDY GOLDMAN BLOTNER UNDER THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST AGREEMENT, STEPHANIE GOLDMAN, AMY GOLDMAN FOWLER, IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE AMY GOLDMAN 2010 Z-6 TRUST, APG GENERATION X LLC,

| | |
|---|---|
| INDEX NO. | 655549/2023 |
| MOTION DATE | 04/03/2024, 04/08/2024 |
| MOTION SEQ. NO. | 008 013 |

Plaintiff,

- v -

SOLIL MANAGEMENT, LLC,SOL GOLDMAN INVESTMENTS, LLC,SG EMPIRE, LLC,JANE GOLDMAN, IN HER INDIVIDUAL CAPACITY, AS MANAGER OF SOL GOLDMAN INVESTMENTS, LLC,AND LIGHTHOUSE PLAZA, LLC,AS TRUSTEE OF RESIDUARY TRUST 1 F/B/O ALLAN H. GOLDMAN U/W/O SOL GOLDMAN, RESIDUARY TRUST 3 F/B/O ALLAN H. GOLDMAN U/W/O SOL GOLDMAN, DIANE GOLDMAN KEMPER, AS EXECUTOR OF THE ESTATE OF LILLIAN GOLDMAN AND AS MANAGER OF LIGHTHOUSE PLAZA, LLC,JUDITH BRENER, LOUISA LITTLE, IN HER CAPACITY AS MANAGER OF SGI AND AS TRUSTEE OF RESIDUARY TRUST 1 F/B/O ALLAN H. GOLDMAN U/W/O SOL GOLDMAN, RESIDUARY TRUST 3 F/B/O ALLAN H. GOLDMAN U/W/O SOL GOLDMAN, THE ALLAN H. GOLDMAN 2008 Y-1 TRUST, THE ALLAN H. GOLDMAN 2008 Y-3, LIGHTHOUSE PLAZA, LLC

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 234, 235, 236, 237, 238, 244

were read on this motion to/for _____ TRANSFER _____.

**655549/2023  STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL Motion No.  008 013**

Page 1 of 4

1 of 4

The following e-filed documents, listed by NYSCEF document number (Motion 013) 214, 215, 216, 217, 233, 245

were read on this motion to/for                    CHANGE VENUE                    .

In motion 8, defendant Jane Goldman asks this court to send the 12th-15th causes of action to Surrogate's court. In motion 13, defendant Lighthouse asks this court to send the 16th through 23rd causes of action to Surrogate's court. For the reasons stated on the record, the motions are granted.

In sum, the operative complaint rolls three lawsuits into one. The 1st through 11th causes of action are distinct. They revolve around certain defendants' actions in allegedly usurping management of several entities, such as SG Empire, and using that control to generate an allegedly bogus appraisal that devalued the put rights of the plaintiffs.

Meanwhile, the remainder of the claims all involve estate and trust accounting, distribution, and related issues surrounding the estates of Sol Goldman, Lillian Goldman and potentially Allen Goldman as well as various trusts related to those estates. Primarily, those claims seek accountings and distributions of the assets held in Lillian Goldman's estate and the trusts, among other relief. They would require Lillian Goldman's estate and her Marital Trust—which was established through Sol Goldman's will by order of the Surrogate's Court—to purchase interests in other Goldman entities to facilitate distributions to their beneficiaries. Notably, it is undisputed that Lilian Goldman's estate remains open and unsettled in Surrogate's court. Further, plaintiff's counsel stated at oral argument that all of the rights under Lilian's estate derive from Sol's. Even if Sol's estate is now closed, the issues involving his estate effect Lilian's which remains open and unsettled. To the extent these claims involve Allen's estate, that too remains open and unresolved in Surrogate's court.

655549/2023  STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL
Motion No.  008 013

Page 2 of 4

The Surrogate's court is the right place for these claims. This lawsuit has just started, while Lilian's estate is open, and has been for years, as a place for plaintiffs to bring their claims related to it.

Although Sol's estate is closed, the Surrogate's court still retains jurisdiction over it (*Collins v Manufacturers Hanover Tr. Co.*, 124 Misc 2d 907, 909 [Sup Ct 1984]). The distribution of assets from an estate is the raison d'etre for the Surrogate's court. There is no better place for these claims. Plaintiff's resistance at oral argument merely amounted to a preference for the Commercial Division. This is not a reason to retain jurisdiction.

As for counts 22 and 23, alleging breach of the Lighthouse Plaza Operating Agreement and primarily Jane's breach of fiduciary duty to Lighthouse Plaza, plaintiff itself has asserted that a majority of the assets of the Lillian Goldman Marital Trust consist of its membership interest in Lighthouse Properties (Am. Compl. ¶ 322), and a majority of the assets of the Estate of Lillian Goldman consist of its membership interest in Plaza Circle (*id.*). Plaintiffs further allege that the exercise of the Lighthouse Properties and Plaza Circle put rights are necessary to permit the Estate of Lillian Goldman and the Lillian Goldman Martial Trust to distribute the assets that they hold through Lighthouse Properties and Plaza Circle, respectively. (*Id.* ¶¶ 328, 333.) Because resolution of the sole claim against Lighthouse Plaza will therefore affect the administration of Lillian's estate and the estate- related trust, the court sends these claims to the Surrogate's Court as well.

Accordingly it is,

ORDERED that motion sequence numbers 8 and 13 are granted to the extent that the Trust claims [Counts 12-23 in the amended complaint] are severed and transferred to the New York County Surrogate's Court for determination; and it is further

**655549/2023  STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL Motion No.  008 013**

Page 3 of 4

[* 3]

3 of 4

ORDERED that the Clerk of this Court, upon service of a copy of this order with notice of entry, shall deliver a copy of all papers and records in the above-entitled action to the Clerk of the Surrogate's Court, New York County; and it is further

ORDERED that the non-Trust portion of this case, counts 1-11, shall continue before this court; and it is further

ORDERED THAT the remaining defendants, which the court believes are Solil Management, SG Empire, Jane Goldman, Loiusa Little, and Diner GFoldman Kempner are to answer the complaint within 30 days of the e-filed date of this decision and order.

| 8/12/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **MELISSA A. CRANE, J.S.C.** | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

655549/2023 STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL
Motion No. 008 013

Page 4 of 4

4 of 4